IN RE TUOHY'S ESTATE; SHIELDS ET AL., APPELLANTS, *v.* PAUWELYN, EXECUTOR, RESPONDENT.

(No. 2,137.)

(Submitted October 3, 1905. Decided November 6, 1905.)

*Probate Proceedings—Real Estate—Order of Sale—Jury Trial —Practice—District Courts—Probate Jurisdiction—Devises —Exemptions from Sale—Statute of Limitations—Adverse Possession—Executors—Laches—Briefs.*

Probate Proceedings—Real Estate—Order of Sale—Jury Trial—Written Demand.
  1. Where no written demand for a trial by jury had ever been filed (Code of Civil Procedure, sections 2340, 2923, 2940) by appellants, against whose objections an order, directing the sale of certain real estate, was made by the district court sitting in probate, a jury trial of the issues presented was properly denied; and a demand at the close of the written objections for a jury, which demand was not called to the attention of the court or judge until the hearing began, did not supply the omission.
District Courts—Probate Jurisdiction.
  2. The district court sitting as a court of probate has only such powers as are expressly conferred upon it by statute, and such as are necessarily implied in order to carry out those expressly conferred.
District Courts—Probate Jurisdiction—Real Estate—Order of Sale— Title.
  3. The district court when sitting in probate, on an application for an order of sale of real estate made under section 2671 of the Code of Civil Procedure, may not enter into an investigation of questions of title to property included in the order and alleged by objectors to the granting of such order to have been devised for a valuable consideration, and for that reason exempt from sale until after the disposition of all the other property belonging to the estate.
Probate Proceedings—Specific Devises—Exemptions from Sale for Debts of Estate.
  4. Specific devises made for valuable consideration are not exempt from sale for the payment of the debts of the estate, pro-

vided for by section 1822 of the Civil Code; nor are the devisees entitled to have the sale of them postponed until other property specifically devised, no matter for what purpose, has been resorted to for the liquidation of such debts.

Probate Proceedings—Specific Devises—Sale—Payment of Debts of Estate.

5. Specific devises, whether made for charitable purposes, or for valuable consideration, fall within the fifth class enumerated in section 1822 of the Civil Code, and no distinction may be made among them, but all must be resorted to ratably for the payment of the debts of the testator, after the property falling in the first four classes has been exhausted for that purpose.

Probate Proceedings—Claims Against Estate—Statute of Limitations.

6. When claims have been presented and allowed and are not contestable because not presented in time (Code of Civil Procedure, section 2603), or because barred at the time of the presentation (Id., section 2609), the statutory limitations do not run against them.

Probate Proceedings—Real Estate—Order of Sale—Adverse Possession.

7. The question of adverse possession as between an executor and a devisee may not be tried by the district court sitting as a court of probate, upon an application for the sale of real estate.

Probate Courts—Real Estate—Order of Sale—Laches.

8. *Quaere:* May district courts, when sitting in probate, deny an order for the sale of real estate, where it appears that there has been such unreasonable delay in making the application as to amount to laches?

Probate Proceedings—Real Estate—Order of Sale—Laches.

9. Where it appeared, on an application to the probate court for an order of sale of real · estate, that the estate had been involved in litigation until about a year before the application, and that appellants, who objected to the granting of the order, desiring that the property belonging to the estate and particularly that portion devised to them should not be sold, had encouraged the executor to make leases of mining claims belonging to the estate, a finding by the court that under all the circumstances there had been no unreasonable delay on the part of the executor in making the application was justified—assuming that the defense of laches could be invoked to defeat the application.

Probate Proceedings—Real Estate—Order of Sale—Findings—*Res Judicata.*

10. (On motion for rehearing.) A finding by a probate court, on an application by an executor to sell real estate, that the real estate, alleged to have been devised to applicants for a valuable consideration, belonged to the estate, was outside of its jurisdiction, since the question of title could not be inquired into by it, and such finding, being wholly immaterial and upon a subject outside of the purview of the application, may not be considered *res judicata,* upon affirmance of the order of sale by the supreme court.

Appeal—Errors—Briefs.

11. (On motion for rehearing.) Errors not assigned in the briefs of counsel will not be considered on appeal.

Appeal—Rehearing.

12. (On motion for rehearing.) The fact that the supreme court did not, on the original hearing, consider and decide a question not assigned in the brief and not properly before it, is not ground for rehearing.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

In the Matter of the estate of James Tuohy, deceased, on application of Cyril Pauwelyn, executor, for an order to sell a portion of the real estate belonging to said estate. From an order directing such sale, Daniel Shields and Thomas Mc-Laughlin appeal. Affirmed.

*Mr. H. L. Maury, Mr. John B. Clayberg,* and *Mr. W. Y. Pemberton,* for Appellants.

Devises, generally speaking, may be of two classes, viz., for value or upon a valuable consideration, or in bounty, depending entirely upon facts existing at the time of the making of the will, and the intention of the testator. Presumably the testator intends to pay his debts before he is generous. The intention of the testator must be gathered from the will, if possible, but if the will is entirely silent, then the intention of the testator may be shown by parol evidence. Such evidence does not contradict the will or add thereto, but simply gives expression of what the testator intended and supplies something omitted from the will. (Greenleaf on Evidence, sec. 287; *Williams* v. *Crary,* 8 Cow. 246; Stephens' Digest of the Law of Evidence, p. 162, and cases cited.)

If a devise or legacy is granted by the will upon a valid consideration, it cannot be charged either for the satisfaction of other devises or legacies, or for the payment of the debts of the decedent, or expenses of administration, until all the property covered by general legacies and devises has been applied, and by special legacies and devises, but not for a consideration, has been exhausted. (*University's Appeal,* 97 Pa. St. 199; *Howard* v. *Francis,* 30 N. J. Eq. 447; *Clayton* v. *Aiken,* 38 Ga. 320, 95 Am. Dec. 393; *Borden* v. *Jenks,* 140 Mass. 562, 54 Am. Rep. 507, 5 N. E. 623; *Farnum* v. *Bascom,* 122 Mass. 282; *Pollard* v. *Pollard,* 1 Allen, 490; *Richardson* v. *Hall,* 124 Mass. 228; *McLean* v. *Robertson,* 126 Mass. 537; *Wood* v. *Vanderborgh,* 6 Paige Ch. 277; *Duncan* v. *Franklin,*

43 N. J. Eq. 143, 10 Atl. 546; *Brown* v. *Brown,* 79 Va. 648; *Moore* v. *Alden,* 80 Me. 301, 6 Am. St. Rep. 203, 14 Atl. 199; *Rowe* v. *Lansing,* 53 Hun, 210, 6 N. Y. Supp. 777; *Locock* v. *Clarkson,* 1 Desaus. 476.)

May a trial by jury be claimed as a matter of right upon application to sell real estate in probate proceedings? If objections, filed to a petition for sale of real estate, raise equitable issues, such issues not being triable by a jury, at the time the constitution was adopted, no jury could be, of right, demanded. But if the objections to the petition raised legal issues of fact, triable by a jury prior to the adoption of the constitution, the objector would undoubtedly have the right to demand that such issues be tried by a jury. Section 2923 is very broad in its provisions. "*All* issues of fact joined in probate proceedings must be tried, etc."

As to the issues presented by the objections to the petition for the order to sell the real estate now before the court, we submit that some of such issues are legal in their nature and not equitable. The issue as to whether the objector had been for more than ten years in the adverse, open, notorious and exclusive possession of the one-fourth interest in the Tuolumne lode is clearly legal; the issue upon the pendency of the suit in a court of competent jurisdiction, and whether or not the devise to objector Shields was made upon a valuable consideration. These issues, all being legal issues of fact, were triable by a jury if one was demanded in accordance with the statute as a matter of right.

May the statute of limitations be made available to defeat an order of sale? In some of the states the statute of limitations is applied by the courts directly to a proceeding of this character. (*Riser* v. *Snoddy,* 7 Ind. 442, 65 Am. Dec. 740; *Cole* v. *Lafontine,* 84 Ind. 446.) In other states an analogy to the statutes of limitations is followed, to-wit: Arkansas, Connecticut, Illinois, Iowa, Maine, Massachusetts, Michigan, Mississippi and New Hampshire. (Woerner on the American Law of Administration, sec. 465, and cases cited.) Others apply the statute of limitations in favor of the executors or ad-

ministrators, or statutes of nonclaim, requiring claims against the estates of deceased persons to be established within a certain time, after which they are forever barred. (Woerner on the American Law of Administration, sec. 465.) Still others apply the doctrine of laches on the part of the administrator or creditors in seeking to subject the real estate of a decedent to creditors' claims.

We believe that the decisions of the American courts on the subject of the application for an order of sale being opposed by reason of the statute of limitations or lapse of time, show the following propositions to be the law: (a) If there are statutory regulations as to the time in which proceedings may be instituted, to obtain an order of sale of real estate, such statutory provisions may be pleaded and relied upon, and must be recognized and enforced by the courts. (b) In the absence of statutory regulations as to the time, it is the duty of courts to determine what shall be considered a reasonable time in which the personal representative or creditors may apply for the order of sale and to refuse the application if the party applying comes too late. (c) In the absence of statutory regulations on the subject of time, the statutory time limiting the right of entry or right of action for the recovery of real estate is the correct analogy and only safe guide. This time commences to run when the executor first discovers, or has reasonable grounds to suspect, that the personalty is not sufficient to pay the debts of decedent and costs and expenses of administration. (d) If the application for the order of sale is filed after the statutory time for entry upon real estate or for suit to recover the same, the burden is upon the party applying, to excuse the delay and show that it is not due to negligence. (*Hadley* v. *Gregory*, 57 Iowa, 157, 10 N. W. 319; *Cresswell* v. *Slack*, 68 Iowa, 110, 26 N. W. 42; *State* v. *Probate Court*, 40 Minn. 296, 41 N. W. 1033; *Bishop* v. *O'Connor*, 69 Ill. 431; *Proctor* v. *Proctor*, 105 N. C. 222, 10 S. E. 1036; *Perry* v. *Peterson*, 98 N. C. 63, 3 S. E. 834; *Wingerter* v. *Wingerter*, 71 Cal. 105, 11 Pac. 853. See, also, *Ricard* v. *Williams*, 7 Wheat. 61, 5 L. R. A. 398;

*Roth* v. *Holland,* 56 Ark. 633, 35 Am. St. Rep. 126, 20 S. W. 521; *McCoy* v. *Morrow,* 18 Ill. 519, 68 Am. Dec. 578; *Wolf* v. *Ogden,* 66 Ill. 224; *Falley* v. *Gribling,* 128 Ind. 110, 26 N. E. 794; *McCreary* v. *Tasker,* 41 Iowa, 261; *Waters* v. *Crossman,* 41 Iowa, 255; *Nowell* v. *Nowell,* 8 Me. 220; *Estate of Godfrey,* 4 Mich. 308; *Ferguson* v. *Scott,* 49 Miss. 500; *Hall* v. *Woodman,* 49 N. H. 295; *Ex parte Allen,* 15 Mass. 58; *Van Syckle* v. *Richardson,* 13 Ill. 171; *Estate of Crosby,* 55 Cal. 574.)

Whenever the question has been before the courts, it has universally been held that the probate court has no power to order a sale of real estate, the possession of which is held adversely to him, until he has regained such possession. (*Libbey* v. *Christy,* 1 Redf. (N. Y.) 465; *Hewitt* v. *Hewitt,* 3 Brad. 265; *In re Haas,* 97 Cal. 232, 31 Pac. 893; *Bozeman* v. *Bozeman,* 82 Ala. 389, 2 South. 732; *Bozeman* v. *Bozeman,* 83 Ala. 416, 3 South. 784.) In Georgia we find a statute prohibiting the sale of lands held adversely until they are again reduced to the possession of the administrator. (*Weitman* v. *Thoit,* 64 Ga. 11; *Hall* v. *Armor,* 68 Ga. 449.)

*Mr. John J. McHatton,* for Respondent.

A trial by jury may not be claimed as a matter of right upon application to sell real estate in probate proceedings. Trial by jury, which is preserved by the Constitution as a matter of right, is only trial by jury in such cases as, before the adoption of the Constitution, a party would have been entitled to, and an objector in a case of this kind was not entitled to a trial by jury. The power to determine the necessity for the sale of real estate is confined by the various provisions of the statute to the court or judge. Probate proceedings are statutory. They partake more of the character of equitable proceedings than of legal ones, and yet, under the statute, they are not equitable proceedings. The matters within the jurisdiction of the court which may be heard and determined upon an application to sell real estate determine in themselves that an objector is

not entitled to trial by jury. There is no issue raised by objectors. Filing replication to irrelevant objections did not raise material issues and could not work estoppel.

On an application for the sale of real estate, it may not be made to appear, either by objection or evidence in support of it, that a particular devise was made for a valuable consideration. In support of this, we need only bear in mind the limit of jurisdiction and determination which may be had in probate proceedings, as announced by this court in *State ex rel. Shields* v. *Dist. Court,* 24 Mont. 1, 60 Pac. 489, and *In re Barker's Estate,* 26 Mont. 279, 67 Pac. 941, and in several other instances.

It may not be made to appear by pleading or evidence that a particular devise was made for a valuable consideration for the further reason that the court, in probate proceedings, has no jurisdiction to determine title, or to determine any question with reference to priority between devisees other than what appears upon the face of the will, upon application of the statutes themselves. If, in any case, the question of devise for consideration might become material, it must be presented in a proper action, brought in equity. We need not discuss here whether any such action might have foundation. The question cannot be considered here. The will is plain and unambiguous. The court cannot construe a will upon application for sale of real estate. Besides, the terms of the will cannot be varied, and no oral testimony can be introduced to vary a will. (*Forbes* v. *Darling,* 94 Mich. 621, 54 N. W. 385; *Perea* v. *Barela,* 5 N. Mex. 458, 23 Pac. 766; *Phillips* v. *McCombs,* 53 N. Y. 494; *Reynolds* v. *Robinson,* 82 N. Y. 103, 37 Am. Rep. 555.)

"Probate or common-law tribunals cannot * * * remodel or construct a will to meet the special compact of the parties." (Schouler on Wills, sec. 453, citing *Shakespeare* v. *Markham,* 17 N. Y. Supr. 311; *Hand* v. *Hoffman,* 8 N. J. L. 71; *Timberlake* v. *Executors,* 35 Ky. 345; *Hall* v. *Hall,* 8 Rich. L. (S. C.) 407, 64 Am. Dec. 758.) The presumption that a legacy to a creditor is intended as a payment is an equitable

and, not a legal proposition, and is only available in a court of equity. (Pomeroy's Equity Jurisprudence, secs. 521, 527, et seq.; *Cloud* v. *Clinkinbeard's Exrs.,* 8 B. Mon. (Ky.) 397, 48 Am. Dec. 397.)

The issue which may be heard and determined upon an application for sale of real estate is confined alone to the necessity. (Code of Civil Proc., secs. 2640, 2670, 2671; *Smith* v. *Smith,* 27 N. J. Eq. 445; *Clement* v. *Foster,* 71 N. C. 36.) Some of the things which may not be put in issue are: Contemporaneous agreements as to payment of debts. (*Proctor* v. *Proctor,* 105 N. C. 222, 10 S. E. 1036.) Questions of heirship; objections to the delay of settlement of the estate. (*In re Houck's Estate,* 23 Or. 10, 17 Pac. 461.) Disputes between heirs and third parties. (*Theller* v. *Such,* 57 Cal. 447.) Claims of paramount title. (*Shields* v. *Ashley's Admr.,* 16 Mo. 471.) Right to administer on an estate. (*Riser* v. *Snoddy,* 7 Ind. 442, 65 Am. Dec. 740; *Waldow* v. *Beemer,* 45 Neb. 623, 63 N. W. 918.) Adverse possession. (*Valle* v. *Bryan,* 19 Mo. 423; *Railway Co.* v. *City of New Orleans,* 52 La. Ann. 1831, 28 South. 311.)

No claim of statute of limitations may be made in this state. This for the reason that there is no statute of limitation with reference to a matter of this kind. But if there was a statute of limitations which could be claimed as in anywise applicable, it could not be interposed against an application to sell real estate. The court, on an application of this kind, has no jurisdiction to determine title, and the establishment of the statute of limitations is followed by the consequence of establishing title.

No adverse claim could be set up by objector or determined by the court in this proceeding. It is a well-settled rule of law that a purchaser at an executor's sale is bound by the rule of *caveat emptor.* (*Towner* v. *Rodegeb,* 33 Wash. 153, 99 Am. St. Rep. 936, 74 Pac. 50.) An adverse claim or possession does not prevent a sale. (11 Am. & Eng. Ency. of Law, 2d ed., p. 1094; *In re Walker's Estate,* 6 Utah, 369, 23 Pac. 930.) The court has

no power to entertain or determine an adverse claim. (*Stewart* v. *Lohr,* 1 Wash. 341, 22 Am. St. Rep. 150, 25 Pac. 457; *In re Singleton's Estate,* 26 Nev. 106, 64 Pac. 513; *In re Kimberly's Estate,* 97 Cal. 281, 32 Pac. 234; *Estate of Burton,* 64 Cal. 428, 1 Pac. 702; *In re Haas' Estate,* 97 Cal. 232, 31 Pac. 893; *In re Bolander's Estate,* 38 Or. 490, 63 Pac. 689; *Dickey* v. *Gibson,* 121 Cal. 278, 53 Pac. 704; *Estate of Burdick,* 112 Cal. 387, 44 Pac. 734; *In re Strong's Estate,* 119 Cal. 663, 51 Pac. 1078.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order of the district court of Silver Bow county directing a sale of real estate belonging to the estate of James Tuohy, deceased.

James Tuohy died on or about October 2, 1893, in Silver Bow county. His estate consisted of a small amount of personal property and certain real estate, chiefly undeveloped mining claims. He left a will which, after disposing of most of the estate by special bequests, closes with this clause: "I hereby appoint Cyril Pauwelyn, of Butte, sole heir and executor of this my last will and testament, without bonds." Cyril Pauwelyn, having qualified as executor under an order of the district court, entered upon the discharge of his duties and has continued therein. Soon after his appointment litigation arose involving the validity of claims against the estate to a large amount, sufficient, if established, together with the undisputed claims, to consume the entire estate. The last of this litigation was finally disposed of about March 25, 1903, the principal claim having been declared invalid.

On March 22, 1894, the executor filed his petition for an order to sell a portion of the real estate, alleging facts showing a necessity therefor. For some reason, doubtless because of the pending litigation and uncertainty as to the amount of funds necessary to pay claims, this petition was abandoned. Thereafter some of the mining claims were leased, with the expectation that a sufficient amount would be realized from roy-

alties upon ores extracted therefrom, to pay the debts and that a sale would not be necessary. The petition upon which the order now before us was made was filed on April 21, 1904. It appears therefrom that the personal property has been exhausted in the payment of expenses of administration, the principal part of which have been counsel fees and other disbursements in connection with the litigation referred to above. The debts chargeable against the estate as set forth therein amount to $10,572.15. The charges for administration and other expenses already accrued and unpaid amount to $4,845.28. The executor states that he is unable to estimate the amount of charges and expenses yet to accrue "owing to the uncertainty of the time it will require to close up and settle said estate; the amount or amounts that may be realized from the sale or sales of property belonging to the said estate so as to enable your petitioner to determine the amount of his commissions, and the pendency in this court of an action in which said estate is interested * * * entitled *Cyril Pauwelyn Executor, etc., Plaintiff* v. *Charles A. Elvers, Defendant.*" The nature of this claim does not appear. The value of the property belonging to the estate is estimated to be $47,350. The court is asked to grant an order authorizing the executor to sell all of the real property belonging to the estate, alleging that the entire amount derived from the sale thereof will be necessary in order to pay the claims approved and allowed, besides expenses, commissions, etc.

It appears that three parcels of the real estate are not mentioned in the will, namely, an undivided one-half interest in the Malone lode claim, and the Belmont and Amy claims. Specific bequests are made of all the rest of it, Daniel Shields being mentioned as devisee of an undivided one-fourth interest in the Tuolumne lode claim, and Thomas McLaughlin as devisee of a lot and house thereon, in the city of Butte.

Appellants Shields and McLaughlin appeared and objected to the granting of the order of sale. Shield's objections are, in substance, first, that for more than ten years prior to the fil-

ing of the petition he had been in open, notorious, adverse, exclusive, uninterrupted and continuous possession of the one-fourth interest in the Tuolumne lode claim belonging to the estate, and that no ancestor, nor predecessor, nor the executor, had in ten years prior to the filing of the petition been seised of it or any part thereof, and that the executor's cause of action is barred by the provisions of sections 29 and 30, First Division, Code of Civil Procedure, of the Compiled Statutes of 1887, and by section 9 of the Political Code, and sections 483, 484 and 3456 of the Code of Civil Procedure of 1895; second, that the interest in this claim was devised to him by deceased for a valuable consideration; that much other property was in the said will devised to charities, without consideration; that such other property is sufficient in value to pay all debts and other claims together with the expenses of administration, and that for this reason the property devised to him should not be sold until after all the property so devised should be exhausted; and, third, that certain property had not been devised at all and that it should first be resorted to to pay claims. McLaughlin objected on the two grounds last mentioned. The executor replied to these objections. Upon the issues thus joined a hearing was had by the court sitting without a jury.

Thereupon the court made its findings of fact and conclusions of law, and entered an order directing a sale. The court found that the debts, costs and expenses of administration already accrued against the estate amount to $14,417.45, with interest; that there was no money belonging to the estate to pay the same; that the real estate was not yielding any revenue, and that the sale of all of it was necessary to pay the debts. The court further found that there had been no unreasonable delay on the part of the executor in making application for the order of sale; that the property mentioned in the petition belongs to the estate; that none of it has been delivered to the heirs or devisees by the executor, and that the same is in the control of the executor and under the direction of the court.

As conclusions of law the court declares that the objections of Shields and McLaughlin were without merit; that the executor was entitled to have an order of sale as prayed for; that the property be sold by the executor in the manner and order provided for by the statute, and that he exercise his judgment and option as to which portion or interest or parcel of the property specifically devised should be first offered for sale and sold, and that in making said sale he do not offer for sale, or sell, any more of the property than may be necessary to pay said claims, with interest, and the debts, costs and expenses which may hereafter accrue.

Upon these facts and conclusions of law the court entered its order directing the executor to sell so much of the real estate as may be necessary to pay the debts, claims and expenses of the estate, and the costs and expenses of administration accrued or that may hereafter accrue, either in one parcel or in subdivisions, as the executor should judge most beneficial to the estate, and in the order prescribed by the statute and the foregoing findings and conclusions; and that when he shall have sold sufficient for the purposes aforesaid, he shall not sell or offer for sale any more. From this order, so far as it directs the sale of the interests devised to them respectively, Shields and McLaughlin have prosecuted this appeal.

1. Contention is made that the order cannot be sustained because the court denied the appellants a trial by jury upon the issues presented by their objections. Without pausing now to inquire whether any material issues are presented by the objections, but assuming this to be so, and assuming further that upon every like application wherein material issues of fact arise, the right of trial by jury exists, there is no merit in the contention. The Code of Civil Procedure provides: "Sec. 2923. All issues of fact in probate proceedings must be tried in conformity with the requirements of Article II, Chapter II, of this Title, and in all such proceedings the party affirming is plaintiff, and the one denying or avoiding is defendant. * * *

Sec. 2924. If no jury is demanded, the court or judge must try the issues joined. If on written demand, a jury is called by either party, and the issues are not sufficiently made up by the written pleadings on file, the court or judge, on due notice to the opposite party, must settle and frame the issues to be tried, and submit the same, together with the evidence of each party, to the jury, on which they must render a verdict. * * * "

The provisions of Article II, Chapter II, of Title XII, to which section 2923 refers, relate to contests arising over the probate of wills. Section 2340 of Article II, Chapter II, of this Title provides, among other things, that upon the presentation of any one or more of the issues of fact enumerated therein, they must, "on request of either party in writing, filed three days prior to the day set for the hearing, be tried by a jury. If no jury is demanded, the court or judge must try and determine the issues joined. * * * " Under this section it is clearly the duty of the court or judge to try the issues joined, without a jury, unless one is demanded in the manner and within the time prescribed therein. Its requirements presuppose issues joined before the demand for a trial by jury is made. The policy of the law is that proceedings of this nature should progress as speedily as they may, to the end that the affairs of the estate may be closed up and the parties in interest discharged from the supervision of the court. The presiding judge is not supposed to know what issues, if any, are to be made until the pleadings are filed, and not then until attention is called to them. If in any case no issue of fact is presented, the presence of a jury is unnecessary. The section, therefore, not only requires the issues to be made up before the demand is made, but also that the demand be made a sufficient length of time before the hearing to secure the attendance of a jury.

Sections 2923 and 2924, *supra,* are general in their application, while section 2340 refers only to contests over the probate of wills, but the provisions of the latter must be read into the former and be observed whenever the parties desire an issue of fact to be tried by a jury.

In this case the objections of Shields were filed on July 18, 1904, and those of McLaughlin on July 23d. The replies of the executor were filed not later than July 25th. The hearing was begun on September 14, 1904. No written demand for trial by jury was ever filed. It is true that the objections filed by the appellants close with a demand for a trial by jury; but, so far as the record shows, these demands were never called to the attention of the court or judge until the hearing began, Under this condition of affairs, a trial by jury is properly denied, no matter what the issues are.

2. The next contention made is, that the order is erroneous in that it directs a sale of all the real estate, including that devised to appellants, whereas it appears from the objections that these devises were respectively made for a valuable consideration, and therefore that the court could not direct a sale of property so devised until after a disposition of all the other property belonging to the estate. We think this contention is without merit for two reasons: First, the application for the order in this case was made under section 2671 of the Code of Civil Procedure, which lays down the procedure necessary to obtain an order for the sale of real estate. The section provides what the verified petition filed in support of the application shall contain. It must set forth the amount of personal property that has come into the hands of the administrator, and how much, if any, remains undisposed of; the debts outstanding against the decedent, so far as they can be ascertained or estimated; the amount due upon family allowances, or what will be due after the same have been in force for one year; the debts, expenses and charges of administration already accrued, and an estimate of what will or may accrue during the administration; a general description of all the real property of which decedent died seised, or in which he had any interest, or in which the estate had acquired any interest, and the condition and value thereof; and the names of the legatees and devisees, if any, and of the heirs of the deceased, so far as known to the petitioner. Upon these necessary allegations it is not possible for an issue as to

the title of real estate to arise. Nowhere else in this Title do we find any provision upon which the court may enter into an investigation of questions of title. It is well settled by the decisions of this court, that the district court sitting as a court of probate has only such powers as are expressely conferred upon it by statute, and such as are necessarily implied in order to carry out those expressly conferred, and that in the exercise of its jurisdiction it is limited by the provisions of the statute. (*State ex rel. Shields et al.* v. *District Court et al.,* 24 Mont. 1, 60 Pac. 489.) It cannot be presumed, in the absence of an express declaration to that effect, that the legislature intended that the court, when sitting in probate proceedings, should exercise the extensive powers necessary to such investigations and determine the rights involved. While exercising jurisdiction in these matters, its proceedings are all more or less summary and not suited to the adjustment of equities and the adjudication of rights dependent upon them.

In the second place, section 1822 of the Civil Code provides: "The property of a testator, except as otherwise specially provided for in this Code and the Code of Civil Procedure, must be resorted to for the payment of debts, in the following order: 1. The property which is expressly appropriated by the will for the payment of debts. 2. Property not disposed of by will. 3. Property which is devised or bequeathed to a residuary legatee. 4. Property which is not specifically devised or bequeathed; and 5. All other property ratably. * * *"

It will be seen from an examination of this section that no distinction is made between specific devises for charitable purposes, and those made upon consideration. They are placed upon the same footing. If the property mentioned in the first four classes designated by the statute is not sufficient, specific devises, no matter for what purpose, are to be resorted to ratably; for such devises clearly fall in the fifth class in the enumeration. The appellants have no right to have the property devised to them exempted from sale for the payment of debts, or the sale of it postponed until other property specifically de-

vised has been resorted to for that purpose, for the reason that the devises to them were made for valuable consideration, no matter what that consideration may have been, even though it might be conceded, for sake of argument, that the district court when sitting in probate has jurisdiction under the statute to investigate and determine questions of title upon an application for the sale of real estate.

By the terms of the will, as appears from the record, all the property belonging to the estate, except from the interest in the Malone lode and the Amy and Belmont claims, was disposed of by specific devises to the appellants and others. On the theory assumed by the appellants to be correct (and we think it correct, though the will is not now before us for construction), that by the last clause of the will the executor is made residuary legatee, these interests go to him. They therefore fall in the third class in the enumeration and must be resorted to and exhausted before the property devised to appellants is burdened with any part of the debts. (Code of Civil Proc., sec. 2678.) When, however, the property falling in the first four classes has been exhausted, no distinction may be made among specific devises, but all must bear the burden ratably. In view of these express provisions of the statute, the cases cited by counsel for appellants, in which the courts of other jurisdictions have applied the rule contended for, are not in point. In any event, in this state the court, upon a hearing of the application for the sale of real estate, has no power to proceed except in conformity with the statute. If the devise to either of the appellants was made under such circumstances as would warrant a decree requiring the executor to convey to him, the questions involved and a decree thereon can be had only in a court of equity in an action brought for that purpose. The order made in terms directs the executor to proceed to sell in the order prescribed by the statute, and presumably he will do so and first exhaust the property not specifically devised.

3. Evidence was offered by the appellants tending to show that they had been in the possession of the property devised to

them respectively, holding the same adversely to the executor, for more than ten years prior to the filing of the petition. This was, on objection, excluded by the court as immaterial. The ruling is assigned as error. The contention is made that an application for the sale of real estate is in the nature of an action to enforce a lien upon the lands of the decedent; that title to the estate vests at once in the heirs or devisees, subject only to the payment of debts; and that, such being the case, the right to maintain the application is barred by the provisions of the statute (Comp. Stats. 1887, Div. I, secs. 29, 30; Pol. Code 1895, sec. 9; Code of Civil Proc., secs. 483, 484, 3456), prescribing the time within which actions may be brought to recover real estate or the possession thereof, and actions arising out of the title to real estate, or the rents and profits thereof, unless the application is made before the limitation has run.

While an application to sell real estate does partake somewhat of the nature of an action (*Broadwater et al.* v. *Richards, Admr.*, 4 Mont. 80, 2 Pac. 544, 546), it is in no sense of the term an action to recover real estate or the possession of it. Nor is it an action arising out of the title thereto, or the rents and profits thereof. Under our system, the whole of the estate, both real and personal, goes into the possession of the executor or administrator, first for the payment of debts, and then for distribution under the will or the laws of succession. (Civil Code, secs. 1821-1823, 1826, 1850 et seq.; Code of Civil Proc., sec. 2559.) Claims of creditors must be presented for allowance within the time prescribed by law, after notice has been published (Code of Civil Proc., sec. 2603), or they are forever barred, whether they are due, not due, or contingent. If a claim is barred by lapse of time at the date of presentation, it may not be allowed. (Sec. 2609.) If rejected, action must be brought against the administrator in the proper court within three months thereafter, or it is barred. (Sec. 2608.) Upon the coming in of the account, the heirs or devisees may contest and have rejected any claim allowed in violation of these provisions. (Secs. 2784, 2791; *In re Mouillerat's Estate,* 14 Mont.

245, 36 Pac. 185.)    And since the petition for the sale must set
forth the debts of the estate (sec. 2671), it would seem that the
appropriate limitation may then be invoked in order to defeat a
particular claim, and therefore the sale *pro tanto*.    But when
claims have been presented and allowed, and are not contestable
for the reason that they have not been presented in time under
section 2603, *supra,* or that they are barred at the time of the
presentation by the particular statute applicable, none of the
statutory limitations run as against them.    (*In re Arguella,* 85
Cal. 151, 24 Pac. 641; *In re Estate of Schroeder,* 46 Cal. 304.)
Furthermore, the question of adverse possession as between the
executor and a devisee may not be tried by the court upon an ap-
plication for the sale of real estate.    As has been said already,
any question as to the title of property belonging to the estate
must be settled in the appropriate action brought in the district
court as a court of general jurisdiction.    (*In re Estate of Bur-
ton,* 63 Cal. 36; *In re Estate of Groome,* 94 Cal. 69, 29 Pac.
487; *Stewart* v. *Lohr,* 1 Wash. 341, 22 Am. St. Rep. 150, 25
Pac. 457.)

4. Contention is made that the court, in the exercise of its
sound discretion, should have denied the application on the
ground of the palpably unreasonable delay of the executor in
presenting it.    Whether or not gross negligence or palpable
laches on the part of the executor or administrator is sufficient
reason for denying an order of sale in a given case, we do not
deem it necessary to discuss or decide.    There is abundant
authority in support of the affirmative of the proposition.    (*Es-
tate of Crosby,* 55 Cal. 574; *Mooers* v. *White et al.,* 6 Johns Ch.
360; *Wolf et al.* v. *Ogden,* 66 Ill. 224; *McCrary* v. *Tasker et al.,*
41 Iowa, 255; *Ricard* v. *Williams et al.,* 7 Wheat. 59, 5 L. Ed.
398; *Ex parte Allen,* 15 Mass. 58; 2 Woerner on the American
Law of Administration, sec. 465.)    The policy of the statute
requires the administration to be conducted speedily to a close.
This fact also lends support to the rule contended for by the
appellants.    Here, however, the parties—assuming that such a
defense could be invoked—tried the question of laches, and the

court decided that under all the circumstances there had been no unreasonable delay. We think the conclusion reached by the court justified upon the facts presented. Soon after letters were issued to the executor, claims were presented to the amount of more than $30,000. Most of them were rejected. Litigation arose over them. Finally, about one year prior to the making of the application, the principal claims were declared groundless. In the meantime the appellants, desiring that the property belonging to the estate, and particularly that devised to them, should not be sold, encouraged the executor to lease certain of the claims in order to raise money to pay the debts and thus avoid a sale. Indeed, they urged him to make leases and took part in the proceedings instituted to secure orders of court at various times authorizing such leases to be made. The claims which were undisputed were small in amount in comparison with those presented and rejected out of which litigation arose. Under these circumstances, we think it would be unjust to the creditors to permit these appellants to assert that the debts finally found to be due from the estate should not be paid. These remarks dispose of all the questions requiring special notice.

While the findings and conclusions of the court cover matters not properly within scope of the application and the order is somewhat indefinite in its terms, we think the court did not commit any prejudicial error, and that the order should be affirmed.

*Affirmed.*

Mr. Justice Holloway concurs.

Mr. Justice Milburn, being disqualified, takes no part in this decision.

### On Motion for Rehearing.

(Submitted November 29, 1905. Decided December 4, 1905.)

Mr. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appellants have filed a petition for a rehearing of this cause.

alleging two grounds therefor: (1) That the district court found that the property claimed by the appellants belongs to the estate, that this finding is recited in the opinion of this court, and that, though this court held that the district court upon application to sell real estate has no power to determine questions of title, as between the executor representing the estate, and the heir or devisee, yet, this finding having been recited and the order of sale affirmed, it follows that this court has in effect adjudicated the question of title; so that, in a controversy over the title in a court of competent jurisdiction, the order may be pleaded as *res adjudicata* and thus conclude the rights of appellants; (2) that this court, by affirming the order as made, has held that the district court was not in error in directing the sale of the property the title to which is in dispute, whereas that court should have deferred the sale until the question of title might be adjudicated in an action brought, or to be brought, for that purpose.

1. Though the finding referred to is recited in the statement of facts preceding the opinion of this court, it is clear from even a casual reading of the opinion that the judgment can have no such effect as counsel anticipate. If the question of title could not be inquired into and determined by the district court, it must follow that any finding upon that subject by that court was wholly outside of the purview of the application and immaterial. The concluding paragraph of the opinion applies to this finding, though special mention is not made of it. It was error for the court to make a finding upon a matter falling entirely outside of the purview of the application; yet it was error without prejudice and appellants cannot complain.

2. The second ground of the petition proceeds upon the assumption that one purpose of the objections made by appellants in the district court was to secure a delay of the sale, in order to protect the property from sacrifice until the question of title could be determined by a court of competent jurisdiction, whereas they were intended to prevent the sale altogether.

No such theory was entertained by appellants in that court, nor is error assigned in the briefs of counsel in this court upon the refusal of the district court to stay proceedings until the question of title may be determined. The notion that such a stay should have been granted was, so far as the record shows, conceived after the cause was removed to this court. Under the rule, repeatedly declared, this court will not consider errors not assigned in the brief. While we did not, and do not, decide that the district court might not, in its discretion, have postponed the sale of the property in dispute until the question of title could be determined, whether the court did in fact err in failing to do so was not before us on the former hearing, nor is the fact that this court did not consider and decide this question ground for rehearing.

The petition is denied.

*Denied.*

MR. JUSTICE HOLLOWAY concurs.