IN RE SULLIVAN'S ESTATE. SULLIVAN, APPELLANT, v. SULLIVAN, RESPONDENT.

(No. 8,193.)

(Submitted October 11, 1941. Decided November 4, 1941.)

[118 Pac. (2d) 383.]

*Mr. C. B. Calkins* and *Mr. J. D. Taylor,* for Appellant, submitted an original and a supplemental brief; *Mr. Taylor* and *Mr. Arthur P. Acher,* of counsel, argued the cause orally.

*Mr. H. C. Packer,* for Respondent, submitted an original and a supplemental brief, and argued the cause orally.

*Mr. T. B. Weir* and *Mr. Hugh R. Adair, amici curiae,* argued the cause orally on rehearing.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is an appeal by the executor, Gerald Sullivan, from an order in probate denying a new trial of respondent's objections to his amended and supplemental final account and amended petition for distribution in the Estate of Annie Sullivan, deceased.

The account and petition listed among the assets administered and to be distributed "by cash, received as follows, to-wit: First State Bank of Stevensville, including interest $3,539.11," and included that item in the computation of inheritance tax and executor's and attorney's fees.

The respondent, Agnes Sullivan, the daughter and one of the legatees and devisees of testatrix and the sister of appellant, objected to the inclusion of that item "for the reason that the same is no part of the assets of said estate, in that the said account was a joint account of Annie Sullivan and Agnes Sullivan, and that the same became the absolute property of Agnes Sullivan upon the death of Annie Sullivan." She also objected "to the item of $28.13 inheritance tax assessed against her upon the ground that the same is excessive," and "to the item of $590.50, expenses of administration charged against her, for the reason that the same is excessive and more than her proportionate share of said expense."

On October 2, 1940, the court made an order sustaining the first objection for the reason that "the amount stated, in the First State Bank of Stevensville, was and is the property of Agnes Sullivan, never became a part of the Estate of Annie Sullivan, and should not have been listed, appraised nor considered as such," and sustaining the second and third objections that the items shoud not have been included in computing the inheritance tax and administration fees.

No appeal was taken from that order, but on October 14 the executor gave "notice of intention to move for a new trial" upon the grounds (1) that the evidence was insufficient to justify the decision, (2) that the decision was against the law, and (3) that material evidence had been newly discovered. The motion was heard on November 13 and denied on November 27, 1940. The notice of appeal was given on January 25, 1941, within sixty days after the denial of the motion for new trial but more than sixty days after the order of October 2, 1941, sustaining respondent's objections to the final account and petition for distribution.

The sole question is whether the court erred in denying the motion for new trial. The transcript includes the court records and the evidence at the hearing upon the objections for their bearing upon the first two grounds of the motion for a new trial, namely whether the court's decision on the objections was warranted by the evidence and the law; it includes also the affidavits filed upon the question of newly discovered evidence.

The evidence at the hearing discloses that while the executor ██ sought to hold as estate property the $3,500 Stevensville bank account standing in the joint names of Annie Sullivan and Agnes Sullivan or survivor, he did not list as estate property a similar Missoula bank account of $2,400 standing in the joint names of Annie Sullivan and himself or survivor. While it would go to him any way as residuary legatee, it should have been included if properly part of the estate, for determination of inheritance taxes and apportionment of expenses of administration. Both accounts were in exactly the same situation, so far as the evidence upon the objections showed. Both were originally the mother's accounts, and appellant testified that he obtained the bank book of the account in question here from respondent during the administration, and no question was raised concerning its possession by her during the mother's lifetime. The only reason given by him for the different treatment of the two accounts was that in the will of testatrix, which she signed by mark some two months before her death, she sought specifically to devise to Agnes Sullivan and Gerald Sullivan jointly, among other items, the Stevensville bank account which she had already made a joint survivorship account with her daughter Agnes over the signatures of both of them nearly two years before. But the will could not accomplish what her earlier action had put it out of her power to do; if it could the residual clause instead of the joint survivorship arrangement could equally well have been Gerald Sullivan's source of title to the Missoula bank account. The joint survivorship account was not only proved but conceded, and there was nothing to suggest that respondent's rights had not fully vested under it. Accordingly

it is not made to appear that the order was not sustained by the law or the facts, or that the court erred in denying a new trial upon those grounds.

On the matter of newly discovered evidence the motion for rehearing was supported by the affidavit of a brother of respondent and appellant to the effect that his mother "would send Agnes" to the Stevensville bank with the pass book "whenever it was necessary to make entries," that the book "was always returned" to his mother after the entries had been made, and that "shortly before the death" of testatrix respondent had asked testatrix for it in order to have the interest entered and that testatrix had "hesitated in giving her the book for some reason or other"; and by the affidavit of one of the two sisters to whom, before filing his final account and petition for distribution, appellant had transferred his supposed one-half interest in the Stevensville account under the will, to the effect that eleven days before the death of testatrix affiant, respondent, another sister and testatrix were talking about the property, and respondent in affiant's presence took the Stevensville bank book out of a writing desk in the front room and that after their examination affiant saw respondent return it there. Presumably the purpose of this evidence was to question respondent's complete possession of or access to the bank book, and while it seems to show little more than a joint possession and access by the joint owners, we will assume that it serves that purpose. But the only effect of the affidavits could be, not merely to set forth evidence, but to set forth newly discovered evidence, and they can have application only to the question whether the court erred in denying a new trial upon that ground; but nothing whatever is stated in them or elsewhere in the record to indicate that the evidence had been discovered after the hearing; and certainly the presumption is otherwise since all affiants were interested in the estate from the beginning. It is not necessary to consider whether orders of this kind are subject to motions for new trial. (See *State ex rel. Culbertson Ferry Co.* v. *District Court*, 49 Mont. 595, 144 Pac. 159; *Davis* v. *Bell Boy Gold*

*Mining Co.*, 101 Mont. 534, 54 Pac. (2d) 563; *In re Antonioli's Estate*, 42 Mont. 219, 111 Pac. 1033.) Certainly, to say the least, the showing is not so clear that it can be said that the court erred in denying any one of the three grounds for a new trial.

But even if the merits were otherwise the appellant would ▮▮▮▮ be entitled to no relief here, and the object of the above discussion of the merits has been only to show that appellant is in any event not injured by the outcome. The legislature has not only omitted orders denying new trials from the list of appealable orders (subd. 2 of sec. 9731, Rev. Codes), but has expressly abolished appeals from such orders (sec. 9745) and has expressly made that provision applicable to probate proceedings (sec. 10366; *In re Blankenbaker's Estate*, 108 Mont. 383, 91 Pac. (2d) 401). It is also well settled that the motion for a new trial does not extend the time in which to appeal from the original adjudication of which a new trial is sought (*In re Blankenbaker's Estate*, supra; *Griswold* v. *Ryan*, 2 Mont. 47; *Kline* v. *Murray*, 79 Mont. 530, 257 Pac. 465), so that even if the appellant were attempting to appeal from the order of October 2, 1940, of which he makes no claim, the appeal of January 25, 1941, would be too late.

The order denying the new trial not being appealable, this court has no jurisdiction to determine whether the trial court erred in making that order, and no other question being before us in this proceeding, the appeal is therefore dismissed. The former opinion, filed on June 25, 1941, is hereby ordered withdrawn and the above opinion substituted in lieu thereof.

ASSOCIATE JUSTICES ANDERSON and MORRIS concur.

MR. JUSTICE ERICKSON:

I concur in the result reached; however, I cannot agree with all that is said in the opinion of the court. The decision is based on the principle that an appeal does not lie from an order denying a new trial. It further appears to me clear that the order of the district court is simply an order

in probate and may be treated only as such. If the court by its order, which seems apparent, attempted to adjudicate a title to the property in question, it was acting completely outside its jurisdiction while it was sitting in probate considering only a probate matter. (*In re Tuohy's Estate,* 33 Mont. 230, 83 Pac. 486; *In re Dolenty's Estate,* 53 Mont. 33, 161 Pac. 524; *In re Jennings' Estate,* 74 Mont. 449, 241 Pac. 648.)

It would seem obvious, therefore, that the discussion of the status of the bank account and the account in which Gerald Sullivan was interested, has no place in this decision. Those matters are for future litigation if those interested so desire, and this court, with the record before it which contains no formal pleadings, no issue framed and no evidence based on formal pleadings or issues framed, should not attempt to indicate in any way the result that should be reached or to indicate the law to be applied in the event those matters are litigated. The discussion of the merits of the case is at best purely *obiter dictum,* as the decision of the court is not based in any way upon the merits.

MR. JUSTICE ANGSTMAN, Dissenting:

I am unable to agree with the majority opinion. It is based upon a technical point not raised by either of the interested parties. The point was not presented by the parties to the action either upon the original hearing or upon the rehearing. The motion for rehearing does not raise the point. The point was raised by counsel appearing as *amicus curiae* long after the petition for rehearing was filed and long after the time for filing a motion for rehearing had expired. We have often held that on rehearing we will not consider points not presented on the original hearing. (*Murphy* v. *Cooper,* 41 Mont. 72, 108 Pac. 576; *In re Touhy's Estate,* 33 Mont. 230, 83 Pac. 486; *Mares* v. *Mares,* 60 Mont. 36, 199 Pac. 267; *In re Estate of Murphy,* 57 Mont. 273, 188 Pac. 146; *Merchants' National Bank* v. *Greenhood,* 16 Mont. 395, 41 Pac. 250.) To now consider the point upon which the majority opinion rests we must overrule all of these cases.

The interested parties to this proceeding pursued the commendable practice of presenting the case to us on its merits and on a record presenting no conflict in the evidence. That evidence shows that the joint account in the Stevensville bank was simply made for convenience in handling the account and that in truth and in fact Annie Sullivan retained absolute control over the account by retaining the bank book and surrendering it to Agnes Sullivan only for the purpose of having entries made in it.

The joint account arrangement was simply to satisfy the bank's requirements and was never intended to transfer ownership of the account to Agnes. That this was the intention is further made manifest by the making of the will specifically bequeathing the account otherwise than according to the joint account agreement. Under such circumstances the joint account agreement is superseded by the will. (*Rauhut* v. *Reinhardt, Delaware Orphans' Court,* 180 Atl. 913; *Barstow* v. *Tetlow,* 115 Me. 96, 97 Atl. 829.)

Until the court spoke on the subject in the majority opinion there was no judicial authority throughout the country to which our attention has been invited which holds, as does the majority opinion, that the donor could not, after making the joint account agreement, dispose of the property by will. In this respect the questions relating to the Stevensville account are entirely different from those relating to the Missoula bank account, which was not covered specifically by the will. The majority opinion points out with such meticulous care the fact that the will was signed by mark, that I fear that fact has provoked some confused thinking on the part of the majority. Either the instrument was a will or it was not. So far as the record shows, it has never been set aside; nor does the record show that any contest is pending or contemplated for that purpose. It is too late, in our judicial history, to suggest that a will may not be signed by mark. It has special statutory sanction. (Sec. 10713, Rev. Codes.)

My conclusion is that, if the case must turn on technical grounds, then we should choose the ground suggested by the parties themselves and one supported by, rather than contrary to, the prior decisions of this court. Here respondent herself, on the original argument and again on motion for rehearing, suggested that the probate court was without authority or jurisdiction to try the question of ownership of the bank account.

This court has held that the district court sitting in probate has no authority to determine the question of title between an estate and persons claiming adversely to it. (*In re Dolenty's Estate*, 53 Mont. 33, 161 Pac. 524; *In re Jennings' Estate*, 74 Mont. 449, 241 Pac. 648.) Hence, in view of these cases, it follows that the district court, while sitting in probate, was in error in determining the ownership of the bank account. As was said in the *Jennings Estate Case*: "That question must be resolved in another forum."

The district court being without jurisdiction, it follows that this court is likewise without jurisdiction to entertain the appeal, whether within or beyond time. If the case must be determined on technical grounds, then I think the proceedings should be dismissed for the reason that the ownership of the account has not yet been determined by a proper tribunal, allowing either party the right to institute an action in the proper tribunal to have the ownership of the account properly determined.