# THE JUBILEE PLACER COMPANY, Appellant *v.* CATHERINE HOSSFELD, Respondent.

[Submitted Oct. 7, 1897.   Decided Oct. 25, 1897.]

### *Attorney and Client—Authority of Attorney.*

WHILE an action was pending, the attorney for the plaintiff wrote to his client that he had received a proposition for a settlement; the client answered that "we shall be willing to dismiss the suit, so long as we get a satisfactory guaranty from them, or such guaranty as you think necessary. I don't want the case dismissed, and then have the same performance to go through with next year." *Held,* that the letter only authorized the dismissal of the action, and not the entry of a decree determining the right of the parties to the action.

*Appeal from District Court, Jefferson County.   Frank Showers, Judge.*

ACTION by the Jubilee Placer Company against Catherine Hossfeld.   From a judgment in favor of defendant, and an order denying its motion for a new trial, plaintiff appeals. Reversed.

Statement of the case by the justice delivering the opinion.

This was an equitable action brought in the District Court of Jefferson county, Montana, in 1895, for the purpose of setting aside a decree entered in a previous action between the same parties in the same court in 1891.   The predecessors in interest of plaintiff and defendant had litigated the question of their respective rights to the waters of Crow creek, in Jefferson county, in the year 1874, in the District Court of said county, and a decree was duly entered in said year adjusting and determining the same.   Plaintiff in the present action was the successor in interest of William Quinn, the defendant in the suit of 1874; and defendant, the successor in interest of Ruben Rader, the plaintiff therein.   In the decree of 1874 it was provided that Rader had the right to the use of 200 inches of the waters of Crow creek up to the 15th day of August of each year, and thereafter he was entitled

to have 100 inches of the said waters, to be taken from the ditch of Quinn.   The complaint in the action brought by plaintiff against defendant in 1891 alleged that the plaintiff was the owner of 200 inches of the waters of Crow creek, and of certain lands irrigated by the same; that on the 15th day of May, 1891, the defendant, without the right or color of title, and by means of certain dams by her recently constructed in and across said plaintiff's ditch, unlawfully diverted and turned away all the waters running in the same. The prayer was for a perpetual injunction, restraining the defendant from in anywise interfering with the waters in said plaintiff's ditch.   No reference was made in said complaint to the decree of 1874; and there was nothing to indicate that defendant had disobeyed the terms thereof.

On October 5, 1891, pursuant to a stipulation entered into between the attorneys of the plaintiff and defendant, a decree was entered in said suit.   This decree was substantially the same as the one rendered in 1874,—the water rights being adjusted between plaintiff and defendant on the same basis as they had been between their predecessors in interest.

Plaintiff in the present action, which seeks to set aside the decree entered in 1891, insists that its attorneys had no authority to enter into the stipulation aforesaid.   Defendant insists that the attorneys of plaintiff had such authority. The case was tried to a jury.   Special findings were returned. The questions submitted to the jury, and the answers thereto, were as follows :

"Question No. 1.   Were Messrs. Cowan & Parker, attorneys for the Jubilee Placer Company, authorized either by the company or its agent to settle the suit ?   Answer.   Yes.

"Question No. 2.   If you find that they were authorized to settle the suit, did they make the settlement on the terms and conditions which the company or its agent instructed them to make ?   Answer.   Yes."

Parker (a member of the firm of Cowan & Parker), the attorney who had entered into the stipulation in plaintiff's behalf, testified substantially as follows :   "That Willson, as the

representative of plaintiff, had come to him in the year 1891, and called his attention to the decree of 1874, informed him that defendant had violated the terms thereof, and expressed a desire to have her arrested.    Parker dissuaded Willson from making any arrest, and told him that he (Parker) was of the opinion that plaintiff was bound by the terms of the 1874 decree; that is to say, that, as between the Jubilee Placer Company and the defendant, said decree controlled and evidenced their respective water rights.    He says he brought the suit, and drew up the complaint therein on which the decree sought to be set aside is based, for the purpose of restraining the defendant from violating the terms of the decree of 1874.    He says further the settlement was made in pursuance of a conversation with Willson at the time of bringing said suit, when he had informed him that he thought the 1874 decree binding.    Before entering into the stipulation of settlement, he wrote Willson of the terms of agreement proposed by the defendant's attorney.    His exact language as to this letter is as follows :    "I have no copy of the letter, but I am satisfied that the tenor of the letter was to the effect that a proposition had been made to settle on the basis of the original decree."

In reply to this letter, Willson wrote as follows :    "July 10th.    Messrs. Cowan & Parker—*Gentlemen :*    Yours of the 6th inst., in regard to the Hossfeld case, received.    We shall be willing to dismiss the suit, so long as we get a satisfactory guaranty from them, or such guaranty as you think necessary. I don't want the case dismissed, and then have the same performance to go through with next, or any, year.    It has put us to a lot of trouble and expense, and I consider they ought to pay it; but, as I have said before, we would be willing to let that go.    Please have it so fixed that we shall have no further trouble.    Yours, truly, Arthur Willson."

When questioned on cross-examination as to the necessity for having a decree entered in 1891 substantially the same as the one entered in 1874, Parker stated :    "I thought the new decree would add to the old one, and be direct as between

these two (meaning plaintiff and defendant).   Willson, it appears, had not been notified that a decree was entered in the suit, and did not learn of that fact until several years later. Willson's testimony was in conflict, in material particulars, with that of Parker.

Evidence was offered in behalf of plaintiff (which the court refused to admit) to the effect that for many years prior to 1891 the defendant had not used the waters of Crow creek, and had no means of using the same, by reason of an abandonment of her diverting ditches.

The appeal is from the judgment in favor of defendant, and an order denying a motion for a new trial.

*Henry C. Smith* and *Thos. C. Bach,* for Appellant.

*Cowan & Parker* and *John Shober,* for Respondent.

BUCK, J.—Appellant states as a proposition of law that although an attorney has authority, by virtue of his employment as such, to do all acts which affect the remedy in a suit, still he cannot, by virtue of his employment alone, do that which destroys his client's cause of action; citing in support of this contention *Derwort* v. *Loomer,* 21 Conn. 245; *Holker* v. *Parker,* 7 Cranch, 436; *Stokely* v. *Robinson,* 34 Pa. St. 315; *Lambert* v. *Sandford,* 2 Blackf. 137; *People* v. *Lamborn,* 1 Scam. 123; and *Jones* v. *Inness,* 32 Kan. 177, 4 Pac. 95.

The respondent does not dispute this statement of the legal principle controlling an attorney's authority.   This appeal, then, depends solely upon the answer to the question of whether or not Parker had authority to stipulate as he did.

A careful inspection of the evidence (all that is pertinent to the question being contained in the statement of facts prefixed) forces us to the conclusion that whatever authority Parker had to enter into the stipulation he did arose from the letter written him by Willson in reply to his own notifying Willson of the terms of the proposed settlement.   Parker's explanation of the purpose for which he instituted the action in 1891 is unsatisfactory and obscure.   He virtually concedes

that the decree of 1874 was as effective as that which he stipulated for in 1891. His statement that he entered into this stipulation pursuant to the conversation which he had with Willson at the time of instituting the suit is immaterial. His testimony, simmered down, is that he construed Willson's letter as conferring authority upon him to stipulate as he did. Examining the contents of this letter carefully, we do not think his construction of it was justified. Nothing is said in this letter in reference to any decree being entered in the suit. It authorizes a dismissal of the suit, and nothing more. Taking all the circumstances of this controversy into consideration, we believe it would be unsound to hold that this letter conferred any such authority as defendant claims.

The judgment is reversed and the cause remanded, with directions to the lower court to enter judgment for the plaintiff in accordance with the prayer of its complaint.

*Reversed and Remanded.*

PEMBERTON, C. J., and HUNT, J., concur.