.LOVELL, APPELLANT, *v.* WILLIS, RESPONDENT.

(No. 3,212.)

(Submitted January 11, 1913. Decided January 29, 1913.)

[129 Pac. 1052.]

*Default Judgments—Setting Aside—Forgetfulness Insufficient Excuse.*

Vacating Default Judgment—Insufficient Showing.
  1.  *Held,* that the district court erred in vacating a default judgment, where the only showing made by defendant in his affidavit accompanying the motion to set aside was the assertion that "his attention was so much absorbed by his devotion to important domestic and business duties, besides matters of public interest," that the pendency of the action passed entirely out of his mind. In the absence of a statement of facts disclosing the nature of the business, and explaining the matters of public interest engaging his attention, the showing was insufficient.
Same—Forgetfulness Insufficient Excuse.
  2.  Mere forgetfulness is not a sufficient excuse for setting aside a default judgment.

*Appeal from District Court, Sanders County; R. Lee Mc-Culloch, Judge.*

ACTION by W. D. Lovell against C. C. Willis. From an order setting aside a default and permitting defendant to answer, plaintiff appeals. Reversed. Mr. Justice Holloway dissenting.

Cause submitted on briefs of counsel.

*Mr. A. S. Ainsworth,* for Appellant.

*Mr. I. R. Blaisdell,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Plaintiff brought this action to recover the sum of $178.50, which he alleges to be the reasonable value of services rendered by him as a civil engineer, at the request of the defendant and one J. A. McGowan, now deceased, in investigating and reporting upon the merits of a water-power site on the Missoula river, in Sanders county. The defendant was regularly served with summons and a copy of the complaint on March 4, 1912, but failed to appear and make defense. On March 26 his default was upon application of plaintiff duly and regularly entered, and thereupon, under the authority conferred upon him by the statute (Rev. Codes, sec. 6719), the clerk entered judgment for the amount specified in the complaint, with costs. On March 28 the defendant through his counsel served and filed his motion to set aside the default and vacate the judgment, on the ground that he failed to appear in the action by reason of his mistake, inadvertence and excusable neglect. The motion was accom-[1] panied by an affidavit by the defendant in excuse for his inadvertence or negligence, and setting out in detail the facts upon which he would rely for his defense in case he should be allowed to answer. It appears therefrom that at the time he was served with process at Plains, the place of his residence, he was about to take a train for a visit to Helena; that having examined the copy of the complaint sufficiently to inform himself as to the purpose and character of the action, he put it with the copy of the summons into his valise, and that he thereafter forgot all

about it, with the result that he did not employ counsel or take any steps to prevent default. He alleges that during the intervening time he made trips to Helena, Cascade and Missoula; that his attention was so much absorbed by his devotion to important domestic and business duties, besides matters of public interest, that he did not unpack his valise until after his default had been entered, and that for this reason the fact of the pendency of the action passed entirely out of his mind, until the receipt of a letter from plaintiff's counsel informing him that judgment had been taken against him. The affidavit does not by a statement of facts disclose the nature of the business in which he was engaged, nor explain what the matters of public interest calling for his attention were. It is a statement of defendant's own conclusion that they were important and pressing and hence induced his forgetfulness. Upon this showing the court made an order setting aside the default and permitting the defendant to answer. The plaintiff has appealed.

We think the court erred in opening the default. Mere forgetfulness is not a sufficient excuse. (*Scilley* v. *Babcock*, 39 Mont. 536, 104 Pac. 677.) If the affidavit had made a disclosure of facts showing that the character of defendant's business was such as to absorb his attention and was so pressing that the average man would, under similar circumstances, have been likely to forget his other important interests, the conclusion of the court thereon might have been justified. As it was, the court accepted the conclusion of the defendant and acted upon it. This it should not have done.

The order is reversed.

*Reversed.*

Mr. Justice Sanner concurs.

Mr. Justice Holloway: I dissent. Anticipating that parties to litigation might be careless, thoughtless or inattentive, and as a result that judgments by default might be taken against them in cases where they had meritorious claims or defenses which they intended to assert, the legislature enacted section 6589, Revised Codes, for the express purpose of relieving such parties.

Paraphrased, that section reads: The court may in its discretion relieve a party from a judgment taken against him through *his* mistake, inadvertence, surprise or excusable neglect. A mistake is an unintentional error. Inadvertence is the lack of attentiveness; inattention, the result of carelessness. The synonyms are: heedlessness; carelessness; thoughtlessness. "Neglect" is a broader term than inadvertence, in that it comprehends as well the idea of culpability or willfulness, and doubtless because of this broader signification the statute attaches to the term the qualifying word "excusable."

In considering the propriety of setting aside judgments obtained by default, these declarations of the courts have been repeated so often that they have become trite, if not axiomatic: "Every application of this character must be determined by its own facts." "Every presumption is in favor of the trial court's ruling." "Whether the default should have been set aside was a matter within the sound, legal discretion of the court below, and with its determination we may not interfere unless there was a manifest abuse of such discretion."

In *Greene* v. *Montana Brewing Co.*, 32 Mont. 102, 79 Pac. 693, this court reversed the district court because it would not set aside a default, and in the course of the opinion we stated the purposes of section 774, Code of Civil Procedure of 1895, now section 6589 above, and the principles which ought to control in disposing of applications for relief from defaults. Among other things we said: "It will not do to say that if the defendant was, or its attorneys were, guilty of negligence whereby the default was occasioned, such default will not be set aside, for the very purpose of section 774 [6589, Rev. Codes] is to relieve a party who has defaulted, and that, too, through his own inadvertence or negligence, provided, however, that the inadvertence be not gross or the negligence inexcusable," and we quoted approvingly from *Collier* v. *Fitzpatrick*, 22 Mont. 553, 57 Pac. 181, the following: "The design and purpose of the statute is to further the administration of justice, so that the very right upon the merits may be determined, and·to that end to grant relief from excusable neglect in cases where diligence is shown in applying

promptly for the relief sought, provided the opposite party be not deprived of any advantage to which he may properly be entitled." And referring to the same statute in force in California, we quoted from *Melde* v. *Reynolds,* 129 Cal. 308, 61 Pac. 932, the following: "This is a remedial provision, and, under the terms of section 4 of the same Code, which require it to be liberally construed with a view to effect its objects and promote justice, it is best observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in conformity with the spirit of the law, and in such a manner as will subserve, rather than impede or defeat, the ends of justice; regarding mere technicalities as obstacles to be avoided, rather than as principles to which effect is to be given in derogation of substantial rights"; and further approved the following from *Griswold Linseed Oil Co.* v. *Lee,* 1 S. D. 531, 36 Am. St. Rep. 761, 47 N. W. 955: "The power thus conferred upon courts, to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise or excusable neglect should be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits. When, therefore, a party makes a showing of such mistake, inadvertence, surprise or excusable neglect, applies promptly for relief after he has notice of the judgment, shows by his affidavit of merits that *prima facie* he has a defense, and that he makes the application in good faith, a court could not hesitate to set aside the default, and allow him to serve an answer upon such terms as may be just under all the circumstances of the case."

In view of the declared purpose of section 6589 and the policy of the law as announced in *Greene* v. *Montana Brewing Co.,* above, I think the action of the district court in opening this default and permitting a trial of the cause upon the merits should be affirmed.

In my opinion, the affidavit of defendant Willis offers some reasonable excuse for his forgetfulness. I do not think it neces-

sary that he should be required to make full disclosure of the character of his private business in order to make out a case of excusable neglect.