STATE EX REL. SMOTHERMAN, RELATOR, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 3,763.)

(Submitted November 8, 1915.   Decided December 22, 1915.)

[153 Pac. 1019.]

*Default   Judgments—Vacation — District   Courts—Jurisdiction
—Certiorari.*

1.   A default judgment may not in any case, under section 6589, Re-
vised Codes, be vacated after the expiration of six months from the
date of its entry.

Original application for writ of *certiorari* by the state on the
relation of W. D. Smotherman to annul an order of the District
Court of Blaine County made in the case of *Smotherman* **v.**
*Chrisitansen,* pending therein.   Writ issued.

*Mr. W. B. Sands,* for Relator, submitted a brief and argued
the cause orally.

No appearance on behalf of Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

On February 3, 1915, Charles Christiansen moved the dis-
trict court in and for Blaine county to set aside his default
which had been entered on March 27, 1914, in an action pend-
ing in that court, wherein W. D. Smotherman was plaintiff
and Charles Christiansen defendant.   Relief was sought upon
the ground that the default resulted from inadvertence and ex-
cusable neglect.   The motion was granted on April 13, and this
proceeding was instituted to have the order annulled.

Section 6589, Revised Codes, provides: "The court may, in
[1]   furtherance of justice   *   *   *   upon such terms as may
be just, relieve a party or his legal representative from a judg-
ment, order or other proceeding, taken against him through
his mistake, inadvertence, surprise or excusable neglect; pro-

vided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken." This statute has received consideration from this court in many cases, but in no other instance has there been a more succinct exposition of its meaning than in *State ex rel. Happel* v. *District Court*, 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291, where it is said: "Under the statute (Revised Codes, sec. 6589), the motion in such cases must be made within a reasonable time after the date of the entry of judgment, but in no case exceeding six months, and the statute is the limit of the court's power in such cases. After the expiration of the time limit fixed therein, the power of the court over the judgment absolutely ceases, and it is without jurisdiction to vacate or modify it."

Because the motion to set aside the default was not made until more than ten months after the default was entered, the trial court was without jurisdiction to grant the order of April 13, 1915, and that order is accordingly annulled.

*Order annulled.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.