SMITH, APPELLANT, v. McCORMICK ET AL., RESPONDENTS.

(No. 3,646.)

(Submitted March 28, 1916.   Decided April 28, 1916.)

[157 Pac. 1010.]

*Default Judgments—Setting Aside—Insufficient Showing—Expiration of Time Limit—Cities and Towns—Fire Department —State Fire Marshal—Destruction of Private Property— Police Power.*

Default Judgments—When Vacation Error.
    1.   Under section 6589, Revised Codes, a default may not be vacated in any case, upon the expiration of six months after its entry.

Same—Insufficient Showing.
    2.   An affidavit in support of a motion to set aside a judgment entered for want of appearance, which did not state when defendant first learned that judgment had been taken against him; that it had been taken through his inadvertence, mistake or excusable neglect; that it exceeded the fair value of the property sued for; or allege · facts constituting a defense, *held* insufficient to move the trial court's discretion to vacate the judgment.

    [As to right to have default judgment set aside after satisfaction thereof, see note in Ann. Cas. 1914D, 233.]

Cities and Towns — Police Power — Destruction of Private Property — State Fire Marshal.
    3.   To warrant a city in destroying, through its chief of the fire department, under its police power, or the state fire marshal in ordering destroyed, private property for the public welfare, facts constituting an emergency justifying an invasion of private rights must appear; hence it was no defense for a chief of a city fire department, in an action to recover damages for the destruction of a building, to aver, without stating facts, that he obeyed the orders of the state fire marshal in acting as he did.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Pat P. Smith against John F. McCormick and Thomas Daly.   From an order setting aside a default judgment on application of defendant Daly, plaintiff appeals. Reversed.

*Mr. Wellington D. Rankin,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Ed. Horsky,* for Respondents, appearing as *amicus curiae,* submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In this action personal service of summons was made upon defendant Daly on August 21, 1913, and his default entered on September 11, for want of an appearance. Thereafter proof was submitted by the plaintiff and a verdict in his favor returned and judgment entered. On June 5, 1914, defendant Daly moved the court to set aside the default and permit him to answer. The motion was granted and plaintiff appealed.

Section 6589, Revised Codes, authorizes a court to set aside [1] a default entered through mistake, inadvertence, surprise or excusable neglect, provided application therefor be made within a reasonable time, but in no case exceeding six months after such default was entered. In *State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291, we considered this section, and concerning its meaning and effect said: "Under the statute (Rev. Codes, sec. 6589), the motion in such cases must be made within a reasonable time after the date of the entry of judgment, but in no case exceeding six months, and the statute is the limit of the court's power in such cases. After the expiration of the time fixed therein, the power of the court over the judgment absolutely ceases, and it is without jurisdiction to vacate or modify it." That construction was approved and adopted in *State ex rel. Smotherman* v. *District Court,* 51 Mont. 495, 153 Pac. 1019.

Upon the expiration of six months from the entry of default, the authority of the court over it ceased and the order made more than nine months after September 11, 1914, is void for want of jurisdiction in the court to make it, and for that reason is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

## ON MOTION FOR REHEARING.

(Submitted May 22, 1916.   Decided June 3, 1916.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Defendant has moved for a rehearing, and, directing our attention to the fact that the order from which the appeal was taken was dual in character in that it vacated the judgment and set aside the default, insists that we disposed of it only so far as it affected the default, leaving undetermined the question of the validity of the order vacating the judgment. In this defendant is mistaken. While the order of the district court had a dual purpose, it was one order only, and that order we reversed in its entirety.

The motion made in the lower court had the like dual character [2] and was supported by an affidavit, but without any answer tendered. We confined our attention to the order as affecting the default because the affidavit is confined exclusively to that subject—to an attempt to excuse appellant's failure to appear in the action by answer or other pleading. The order, in so far as it set aside the judgment, is so palpably indefensible that we deemed it unnecessary to make special reference to it. Assuming that the motion for that purpose was in time, the court was without authority to act except upon a proper showing: (1) That the judgment was taken against appellant through his mistake, inadvertence, surprise or excusable neglect; (2) that the judgment, if permitted to stand, will affect him injuriously; and (3) that he has a defense upon the merits. The facts constituting the defense may appear from the affidavit or proposed answer, where one is tendered. These rules have been reiterated so often by this court that a citation of the authorities is unnecessary.

The affidavit does not apprise the court when defendant first learned that a judgment was about to be, or had been, taken against him. For aught that appears from this affidavit, defendant or his counsel may have been in court during the time the

trial was in progress. There is not the faintest suggestion that the judgment itself was taken through defendant's inadvertence, mistake or excusable neglect. Neither is there a suggestion in the affidavit that the amount of the judgment exceeds the fair value of the property destroyed. Finally, there are not any facts stated which constitute a defense. In his affidavit defendant does say that in destroying plaintiff's property he acted in his capacity as chief of the Helena fire department and deputy state fire marshal, and not otherwise, and that the state fire marshal had condemned the buildings "as being dangerous to life and property of the inhabitants of the city of Helena," and these are the only facts proffered as a defense.

There are certain circumstances under which the city of [3] Helena, acting through the chief of its fire department and within its police power, may destroy private property for the public welfare; but the police power acts only in emergencies, and the facts constituting the emergency must be made to appear before the invasion of private rights can be justified. The chief of a fire department merely by virtue of his office has no more right to destroy private property than has anyone else, and to constitute a defense for his act when he does so, he must disclose the facts which constitute the emergency under which the exercise of the police power will justify such extreme measure. It is not any defense to say that the state fire marshal has condemned plaintiff's buildings; for unless the facts surrounding the property were such as to properly invoke the police power, the act of the fire marshal would not protect him or anyone acting upon his authority.

We have elaborated our views thus far to demonstrate that the affidavit was altogether insufficient to move the trial court's discretion to vacate the judgment.

The motion for rehearing is denied.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.