## ST. GERMAIN, APPELLANT, *v.* VOLLMER, RESPONDENT.

(No. 5,248.)

(Submitted June 25, 1923.   Decided July 11, 1923.)

[216 Pac. 788.]

*Default Judgments—Setting Aside—Illness of Counsel—Insufficiency of Showing.*

1. Affidavit that defendant had employed counsel on the day the summons was served, but counsel, after informing defendant that he was looking after the matter, left the state on account of ill health without filing an answer, *held* not sufficient to authorize the opening of a default judgment in the absence of a certificate of the attending physician substantiating the statements of defendant.

*Appeal from District Court, Hill County; Charles A. Rose, Judge.*

ACTION by Oliver St. Germain against C. H. Vollmer. From an order setting aside a default judgment and allowing defendant to file an answer, plaintiff appeals. Order reversed, with directions to set it aside.

*Mr. C. R. Stranahan,* for Appellant, submitted a brief and argued the cause orally.

The showing made by defendant was wholly insufficient to justify the order. The affidavit shows that the respondent employed an attorney at law to defend the action, but

[68 Mont. 264.]

there is no showing whatever why said attorney did not attend to the respondent's defense. That such a showing is insufficient, we call the attention of the court to *Bowen* v. *Webb,* 34 Mont. 61, 85 Pac. 739, and *Schaeffer* v. *Gold Cord Min. Co.,* 36 Mont. 410, 93 Pac. 344. The facts showing the alleged excusable neglect must be set forth. (*Vadnais* v. *East Butte Extension Copper Min. Co.,* 42 Mont. 543, 113 Pac. 747.)

The case of *Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677, is directly in point, the sole grounds being that there had been neglect by the counsel employed to secure relief from the judgment and the showing there was much stronger than in the case at bar, and this court set aside the order of the lower court in vacating the judgment.

*Mr. H. S. Kline* and *Mr. C. B. Elwell,* for Respondent, submitted a brief; *Mr. Kline* argued the cause orally.

The neglect of an attorney, who had been duly retained to defend, to enter his plea is a surprise within the meaning of a statute authorizing the setting aside of a judgment by default. (*Griel* v. *Vernon,* 65 N. C. 76; *Porter* v. *Anderson,* 14 Cal. App. 716, 113 Pac. 345; *Citizens' Nat. Bank* v. *Branden,* 19 N. D. 489, 27 L. R. A. (n. s.) 858, 126 N. W. 102.) In *Farmers' Co-operative Assn.* v. *Roper,* 57 Mont. 42, 188 Pac. 141, the facts set out disclose no stronger grounds than those urged here, unless it be claimed that the failure of defendant's counsel to file a pleading after prepared is less negligent than to prepare and file one.

MR. JUSTICE COOPER delivered the opinion of the court.

This action was brought in the district court of Hill county to recover $591 and interest overpaid to defendant by plaintiff, and a balance upon a current account in the sum of $135 and interest, for work done and merchandise furnished between March 15, 1909, and December 1, 1920. With a

copy of the complaint a summons was served on defendant June 9, 1922. On June 30, the defendant having failed to answer, judgment in favor of plaintiff was rendered. On July 17 following, the court, upon affidavit of defendant and his proposed answer and counterclaim for services as a blacksmith, the records and files in the cause, and on motion of defendant's attorney, issued an order requiring the plaintiff to show cause on August 7, 1922, why the default judgment should not be set aside and the defendant allowed to file his answer and defend the action. A hearing was had, and on August 15 the court vacated the default and permitted the defendant to answer and defend the cause on the merits. From this order the plaintiff has appealed.

The affidavit of the defendant states that on the day [1] summons was served upon him he employed one J. K. Bramble, an attorney residing at Havre and engaged in the practice of law there, and gave him $5 with which to pay the clerk of the court for filing his answer; that Bramble informed him that the case would not be heard for several months, and on one occasion thereafter told him that "he was looking after the matter for him"; that about July 13 he heard rumors that a judgment had been entered against him in favor of the plaintiff, and upon making inquiries found such to be the fact; that he has fully and fairly stated the facts to his present counsel and is advised and verily believes that he has "a full and substantial defense on the merits to the action," as appears by his proposed answer; that after learning of the default he endeavored to see Bramble, but learned that he had left Havre on account of his health "and is now supposed to be in Canada"; that the allegations of the complaint with reference to the indebtedness of defendant are untrue, and that he desires an opportunity to defend the action. The answer consists of general denials and a counterclaim to each of the causes of action set forth in the complaint. The allegations of the counterclaim are: "That the plaintiff is indebted to him in

[68 Mont. 264.]

the sum of $142.10, for the balance of an account for work, labor and services performed as a blacksmith, and material furnished by defendant to plaintiff, the whole done, performed, and furnished at the request of the plaintiff between the first day of April, 1909, and the first day of December, 1920; that the whole aggregate value of said services and materials furnished is the sum of $1,571.18, and after deducting sundry payments made by plaintiff, the said sum of $142.10 is the balance remaining due therefor to this defendant.''

If Mr. Bramble's failure to file an answer for his client was attributable to his ill health, the defendant might have been able to produce a certificate of his attending physician which would have had a tendency to show some excuse for allowing the default to be taken. If so, it should have been produced. Something more than a statement of the bare fact that his attorney had told him he ''was looking after the matter for him,'' and that he had ''learned that he [Mr. Bramble] had left Havre on account of his health,'' was required to justify the district court in vacating a judgment entered according to law. (*Green* v. *Wiederhold,* 56 Mont. 237, at page 240, 181 Pac. 981.) Having chosen to stand upon the meager and insufficient allegations of his affidavit, he is in no better position than was the defendant in *Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814, who failed to show why his counsel had failed and neglected to prepare and file an answer within the time fixed by the statute.

The order is reversed, with directions to the district court of Hill county to set aside the order vacating the judgment.

*Reversed.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Galen and Stark concur.

Rehearing denied September 11, 1923.