[Civ. No. 4602. Second Appellate District, Division Two.—February 5, 1925.]

JAMES A. KEOWN, Appellant, v. MARY E. TRUDO, etc., Respondent.

[1] DEFAULT—NOTICE OF MOTION TO SET ASIDE—GROUNDS OF—SPECIFICATIONS.—A notice of motion to set aside a default, which specified no grounds upon which the motion was to be made, was insufficient.

[2] ID.—AFFIDAVIT—EVIDENCE.—On this appeal from an order refusing to set aside a default and also from the judgment entered pursuant to such default, appellant's affidavit filed with his notice of motion to set the default aside sufficiently shows that he is not entitled to relief sought.

[3] ID.—MOTION TO SET ASIDE—TIME.—A motion to set aside a default is not within the terms of section 473 of the Code of Civil Procedure, where the notice of motion is not filed, nor is the motion made, within six months after the entry of the default, as positively required by said section; and if such motion can be viewed as having been made upon some other ground than those allowed by said section, a point which is not decided, it came too late.

[4] ID.—APPEAL—TIME.—No right of appeal from a judgment exists after the expiration of the sixty days following its entry.

[5] ID.—FRIVOLOUS APPEAL—FINE.—On such appeal, under all the circumstances shown by the record a fine is imposed upon appellant for prosecuting a frivolous appeal.

(1) 34 C. J., p. 327, n. 47.   (2) 34 C. J., p. 354, n. 69.   (3) 34 C. J., p. 260, n. 1.   (4) 3 C. J., p. 1043, n. 29.   (5) 15 C. J., p. 281, n. 9.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing to set aside a default. John W. Summerfield, Judge. Judgment and order affirmed.

The facts are stated in the opinion of the court.

James E. Keown, *in pro. per.*, for Appellant.

3.  See 14 Cal. Jur. 1062.
4.  See 2 Cal. Jur. 393.
5.  See 2 Cal. Jur. 977.

W. H. Dehm for Respondent.

WORKS, J.—This is an appeal from an order refusing to set aside a default and also from the judgment entered pursuant to such default.

The default arose by reason of the failure of appellant to file a third amended complaint within the time allowed by the trial court for such filing, after demurrer was sustained to the second amended complaint. The order sustaining the demurrer was entered April 14, 1919, and appellant was thereupon, and on the same day, allowed fifteen days within which to amend. No amended pleading having been filed by him, an order to enter his default for failure to amend within time was filed November 12, 1919, six and one-half months after the expiration of the time within which he was permitted to amend under the order of the court made in that behalf. On April 9, 1923, three years and five months after the entry of the default, appellant filed his notice of motion to set it aside. [1] The notice specified no grounds upon which the motion was to be made and was therefore insufficient (Code Civ. Proc., sec. 1010), but as this point is not pressed by respondent we shall dispose of the appeal from the order refusing to set aside the default upon other considerations. The grounds upon which appellant sought to set aside the default are indicated in an affidavit filed with his notice of motion to set aside and are elaborated in his brief on appeal. It is averred in the affidavit that appellant was not present in court, either in person or by counsel, at the hearing on the demurrer to the second amended complaint; that he was "absent in the east" at the time and that "when notice of the action on the demurrer reached the plaintiff in Massachusetts it was too late to amend and have his amended complaint filed even if he wished to do so"; that he prosecuted an appeal from the order sustaining the demurrer, but that in his absence and in the absence of counsel for him the appeal was dismissed on the ground, as he is informed and believes, that the appeal was premature, no judgment having been entered on the ruling on demurrer; that he "thereafter had no knowledge, actual or constructive of any action being taken in the case until on or about November 9, 1922, which was the

first day he had been in California since the first hearing in the case more than three years previously''; that on that day ''he discovered for the first time that the case had been dismissed without notice or opportunity to be heard''; that ''no notice of the dismissal or notice of the motion to dismiss has ever reached the plaintiff directly or indirectly until November 9, 1922, and he believes that none was given or sent by the defendant or her attorney and he is informed and believes that the record discloses none being given, sent or received''; that ''the matter contained in the complaint is of the utmost importance and the property therein mentioned represents the plaintiff's entire life savings,'' that he ''is practically destitute of money or property,'' that he has at all times intended to prosecute the action in good faith, and that he believes he has a ''good'' cause of action; that ''the defendant is neglecting and wasting the property'' and has failed to pay certain taxes upon it which are delinquent; that while appellant ''concedes that more than six months has elapsed between the judgment of dismissal, taken without notice or opportunity to be heard, he maintains that section 473 of the Code of Civil Procedure, does not apply to this matter, or if it does it should be construed as commencing to run from the time he had actual knowledge of the said dismissal''; and that ''six months has not elapsed since he discovered November 9, 1923 [2], the action of the court taken in the case as aforesaid, and the reason for not moving sooner after the discovery was because of poverty caused by the misconduct of the defendant and her agent and servants as set up in the complaint and continued to greatly accentuate to the present time and his inability to maintain himself or remain in California because of the aforesaid poverty.'' The affidavit was made on April 9, 1923.

[2] The substance of appellant's affidavit, stating as it does, both matter of fact and matter of argument, is set forth so fully for the reason that the document carries within itself ample and apparent refutation of appellant's contention. [3] Passing by, however, the manifest inaccuracies and contradictions of the paper without further comment, we must also say that the motion presented by appellant to the trial court was not within the terms of section 473 of the Code of Civil Procedure, as the notice of

motion was not filed, nor was the motion made, within six months after the entry of the default, as positively required by that enactment. It is also to be observed that if the motion can be viewed as having been made upon some other ground than those allowed by section 473, a point which we are far from deciding, it came too late (*Smith* v. *Jones,* 174 Cal. 513 [163 Pac. 890]; *Wheelock* v. *Superior Court,* 67 Cal. App. 601 [227 Pac. 931]). We find nothing to aid appellant in *Consolidated Const. Co.* v. *Pacific Elec. Ry. Co.,* 184 Cal. 244 [193 Pac. 238].

Upon the appeal from the judgment appellant attempts to present the question whether the demurrer to the second amended complaint was properly sustained, but that branch of the appeal is abortive. The judgment was entered November 17, 1919. The notice of appeal was filed June 7, 1923. [4] No right of appeal from the judgment existed after the expiration of the sixty days following its entry (Code Civ. Proc., sec. 939).

As stated in the affidavit of appellant, the substance of which is above set forth, he appealed long ago from the order sustaining the demurrer to his second amended complaint. The appeal was dismissed on the ground that no appeal lies from such an order. The judgment from which the present appeal is prosecuted was entered after the filing of the notice of appeal from the order on demurrer and before that appeal was dismissed. It is now contended that the trial court had no jurisdiction to enter judgment pending the appeal from the order on demurrer. For the reasons stated in the last preceding paragraph the point cannot be considered.

The fact that the present appeal is futile cannot be laid altogether to the ignorance of appellant. He is an attorney at law. Also, as shown by an affidavit in the record, he once wrote a letter to respondent's counsel in which he said concerning the present litigation: "Nearly two years ago I told a Mass. judge that this case would take ten years. I have not been at it quite two as yet." Appellant does not deny the writing of this letter. [5] Under all the circumstances shown by the record a fine should be imposed upon appellant for prosecuting a frivolous appeal. Under that infliction he may not be unduly exuberant in his joy over the fact that the action, his own child, has survived nearly

seven years—for the complaint was filed on July 22, 1918—
even if it has not lived out its allotted span of ten years.

Judgment and order affirmed. Appellant is fined $250
for the prosecution of a frivolous appeal.

Finlayson, P. J., and Craig, J., concurred.