(March 16, 1927.)

## COMMONWEALTH TRUST COMPANY OF PITTS-BURGH, a Corporation, Trustee, Appellant, v. H. B. LORAIN, JENNIE DOE LORAIN and E. E. BABCOCK, Respondents.

[255 Pac. 909.]

JUDGMENT—MOTION TO VACATE DEFAULT—TIME—APPEAL AND ERROR—APPEALABLE ORDER—JURISDICTION.

1. Period prescribed by C. S., sec. 6726, requiring that applications to set aside default be made within six months after adjournment of term, dates from entry of default and not from entry of judgment.

2. Where motion to set aside default judgment was not made until about nine months after entry of default and more than six months after adjournment of term, trial court had no power to set aside judgment, under C. S., sec. 6726.

3. Appeal may be taken from order setting aside judgment.

4. Under C. S., sec. 6879, relative to certain matters deemed excepted to, it is unnecessary that exception be taken to order setting aside judgment in order to authorize review.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. T. Bailey Lee, Judge.

Appeal from order permitting Babcock to be made a party defendant and vacating judgment, decree and default. *Order set aside and held for naught.*

Publisher's Note.

2. See 15 R. C. L. 694.

3. See 15 R. C. L. 44.

See Appeal and Error, 3 C. J., sec. 355, p. 524, n. 17; sec. 830, p. 945, n. 40, 44.

Judgments, 34 C. J., sec. 677, p. 430, n. 91, 92.

Richards & Haga, for Appellant.

A judgment or decree of a court of general jurisdiction can only be vacated or set aside by that court on motion for a new trial in accordance with C. S., secs. 6887–6894, or on motion to vacate in accordance with sec. 6726 as amended by Laws 1921, chap. 235, p. 526, or upon motion independent of the statute in cases where the judgment is void. (*Armitage v. Horseshoe Bend Co.*, 35 Ida. 179, 204 Pac. 1073.)

Application to vacate a judgment, order or proceeding under the Idaho statute, where service has been made personally within the state, must be made within a reasonable time which cannot exceed six months after the adjournment of the term at which the judgment was entered or the proceeding taken. (C. S., sec. 6726; Laws 1921, chap. 235, p. 526; *Miller v. Prout*, 32 Ida. 728, 187 Pac. 948; *Nixon v. Tongren*, 33 Ida. 287, 193 Pac. 731.)

A default is a "proceeding taken against" the party in default within the meaning of C. S., sec. 6726, and similar statutes, and the relief must be applied for within the time limited by such statute. (Sec. 473, Cal. Code Civ. Proc.; 14 Cal. Jur., Judgments, pp. 891, 1068–1099; *Title Ins. & Trust Co. v. King Land etc. Co.*, 162 Cal. 44, 120 Pac. 1066; *Burns v. Superior Court*, 140 Cal. 5, 73 Pac. 597; *Stonesifer v. Kilburn*, 94 Cal. 33, 29 Pac. 332.)

The entry of default fixes the beginning of the period within which the motion to vacate the default and the judgment should be made, and if this period has expired, neither the default nor the judgment will be vacated because it would be vain and futile for the court to set aside the judgment when the default cannot be vacated. (*Mader v. Christie*, 52 Cal. App. 138, 198 Pac. 45; *McLain v. Llewellyn Iron Works*, 56 Cal. App. 58, 204 Pac. 869; *Hinds v. Superior Court*, 65 Cal. App. 223, 223 Pac. 422; *Keown v. Trudo*, 71 Cal. App. 155, 234 Pac. 910; *Smith v. McCormick*, 52 Mont. 324, 157 Pac. 1010.)

43 Idaho—50

An order vacating a default judgment is a special order made after final judgment and appealable. (C. S., sec. 7152; *Shumake v. Shumake,* 17 Ida. 645, 107 Pac. 42.)

Turner K. Hackman, for Respondent Babcock.

"An order setting aside a default entered by the clerk is not an appealable order." (*Omaha Structural Steel Works v. Lemon,* 30 Ida. 363, 164 Pac. 1011.)

"It is not to be presumed that the legislature intended to abrogate or modify a rule of the common law by the enactment of a statute upon the same subject; it is rather to be presumed that no change in the common law was intended, unless the language employed clearly indicates such an intention." (*Cox v. St. Anthony Bank & Trust Co.,* 41 Ida. 776, 242 Pac. 785.)

"An application to open a default is addressed to the sound legal discretion of the court, and the order of the court will not be reversed on appeal unless it clearly appears that the court abused its discretion." (*Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212; *Sessions v. Walker,* 34 Ida. 362, 200 Pac. 138; *Bank of Italy v. Burns,* 38 Nev. 398, 150 Pac. 249; *Sherman v. Southern Pac. Co.,* 31 Nev. 285, 102 Pac. 257.)

JOHNSON, Commissioner.—This action was commenced in the district court for Twin Falls county on February 2, 1920, against defendants H. B. Lorain and Jennie Doe Lorain, seeking foreclosure of two water contracts. On June 25, 1920, the Lorains were personally served with summons; on June 18, 1923, a default was entered against each of them, and the term was adjourned on August 31, 1923; on January 23, 1924, proof was submitted; and on February 5, 1924, a decree was entered in favor of the plaintiff and order of sale issued. Thereafter, and on March 10, 1924, one E. E. Babcock, who had purchased the property from the Lorains after the commencement of the action, served a motion to vacate the default, and filed the same on March 14, 1924.

[1] The only question necessary to discuss and which is decisive of this case is: Does the period prescribed by the statute within which the motion to vacate should be made date from the entry of default or from the entry of judgment?

Code Civ. Proc. Cal., sec. 473, is identical with our C. S., sec. 6726, or at least as it existed prior to the amendment, covering the act of attorneys, and the supreme court of California in passing on the question in *Title Ins. & T. Co. v. King Land etc. Co.,* 162 Cal. 44, 120 Pac. 1066, held, as appears from the syllabus in the California report, as follows:

"The court is without power, under section 473 of the Code of Civil Procedure, to set aside the defaults of defendants who have been personally served with summons, unless the application therefor is made within a time not exceeding six months after the default was entered.

"The taking and entering of a default by the clerk or by the court, at the instance of the adverse party, is a 'proceeding taken against' the party in default, within the meaning of section 473 of the Code of Civil Procedure, and its entry, and not that of the judgment, fixes the beginning of the period of six months within which a motion to set aside the default must be made.

"Such a default cuts off the defendant from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand. He cannot thereafter, nor until the default is set aside in a proper proceeding, file pleadings, or move for a new trial, or demand notice of subsequent proceedings."

See, also, *Mader v. Christie,* 52 Cal. App. 138, 198 Pac. 45; *McLain v. Llewellyn Iron Works,* 56 Cal. App. 58, 204 Pac. 869; *Hinds v. Superior Court,* 65 Cal. App. 223, 223 Pac. 422; *Keown v. Trudo,* 71 Cal. App. 155, 234 Pac. 910.

As far as the question stated is concerned, the Montana statute is the same as ours, and the supreme court of that state in *Smith v. McCormick,* 52 Mont. 324, 157 Pac. 1010, held that the time begins to run from the entry of default.

The setting aside of the judgment if the default must nevertheless stand would be a vain thing; it was error to set aside the judgment. (Cases cited *supra*.)

[2] The application to set aside the default was not made within the time fixed by the statute which provides that "the court, or the judge thereof, in vacation, may grant the relief upon application made within a reasonable time, not exceeding *six months after the adjournment of the term*." The default was entered June 18, 1923, after personal service, and the term of court was adjourned August 31, 1923. The application to set aside the default was not filed until March 14, 1924, or about nine months after its entry.

In *Nixon v. Tongren*, 33 Ida. 287, 193 Pac. 731, this court held that unless the application was made within the time limited by the statute, the court was without jurisdiction to entertain a motion to vacate the judgment, and the court in said case quoted with approval the following language from *People v. Temple*, 103 Cal. 447, 37 Pac. 414:

" 'When a judgment is not void upon its face, the court has no power to set it aside on motion, unless the motion is made within a reasonable time, but resort should be had to an action, and all the parties interested should be notified and have an opportunity to be heard.' "

In *Bunnell & Eno etc. Co. v. Curtis*, 5 Ida. 652, 51 Pac. 767, this court, in the closing paragraph, used the following language:

"If the judgment is erroneous, the remedy of the defendants was by appeal, or motion for new trial, and not by motion to set the judgment aside, made after the lapse of more than six months from the rendition of judgment."

See, also, *Connolly v. Probate Court*, 25 Ida. 35, 136 Pac. 205.

[3, 4] It is also contended that the order setting aside the judgment is not appealable; this court has held to the contrary in *Shumake v. Shumake*, 17 Ida. 649, 107 Pac. 42. The objection that no exception was taken to the order is disposed of by the provisions of C. S., sec. 6879.

In this case we hold that the court had no power to set aside the default and judgment because the motion was not made within the time fixed by our statute; and for this reason we recommend that the order of the lower court setting aside and vacating the default and judgment be set aside and held for naught, and that costs be awarded to appellant.

Varian and Brinck, CC., concur.

The foregoing is approved as the opinion of the court, and the order setting aside and vacating the judgment and default is hereby set aside and held for naught. Costs to appellant.

Wm. E. Lee, C. J., and Budge and Givens, JJ., concur.

Petition for rehearing denied.