GALBREATH, APPELLANT, v. AUBERT, RESPONDENT.

(No. 8470.)

(Submitted September 22, 1944. Decided December 29, 1944.)

[157 Pac. (2d) 105.]

*Mr. S. J. Rigney,* for Appellant, submitted a brief and argued the cause orally.

*Mr. John J. Greene,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ADAIR delivered the opinion of the court.

The plaintiff Susie H. Galbreath instituted action against the defendant J. C. Aubert in the district court of Glacier County to recover possession of a Ford truck and for damages for its wrongful detention.

On January 23, 1942, summons and a copy of the complaint were personally served upon the defendant.

On July 16, 1942, defendant's default for failure to appear was entered by the clerk of the court on written praecipe by plaintiff made and filed on said date.

On March 2, 1943, plaintiff appeared before the court with his counsel and witnesses. A hearing was had where witnesses testified and the matter was submitted. Thereafter, on March 17, 1943, judgment for plaintiff was entered adjudging that

plaintiff recover from defendant the possession of the truck and, in case delivery cannot be had, then for the sum of $1250, being the value thereof, together with $150 damages for its detention and for costs.

On May 19, 1943, the defendant moved "the court to set aside the default judgment entered herein on the 17th day of March, 1943, and to permit defendant to file answer herein." The motion was supported by affidavits and was made upon the ground that the judgment was taken against the defendant through his mistake, inadvertence, surprise or excusable neglect. A hearing was had and thereafter on June 17, 1943, the court made an order granting defendant's motion.

Plaintiff has appealed from such order which set aside the judgment and permitted defendant to answer.

Section 9187, Revised Codes 1935, grants courts discretion to "relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken." Under this clause "in no case" may the court grant relief to any party who delays his application therefor exceeding six months after the proceeding was taken against him.

The entering of a default by the clerk or the court, at the instance of the adverse party, is a "proceeding taken against" the party in default within the meaning of section 9187, Revised Codes, and it is the date of the entry of the default and not the date of the judgment subsequently entered that fixes the beginning of the six months within which the motion to set aside the default must be made. One who invokes the aid of the statute must act within the six-months period or his application for relief thereunder comes too late. As to the six-months limitation, the statute is inflexible. (*Kosonen* v. *Waara*, 87 Mont. 24, 36, 285 Pac. 668; *Smith* v. *McCormick*, 52 Mont. 324, 157 Pac. 1010; *Title Insurance & Trust Co.* v. *King Land & Imp. Co.*,

162 Cal. 44, 120 Pac. 1066; *Commonwealth Trust Co.* v. *Lorain,* 43 Idaho 784, 255 Pac. 909.)

As before stated defendant's default for failure to appear was filed and duly entered by the clerk on July 16, 1942, on written praecipe by plaintiff. At the hearing of March 2, 1943, it was noted that the clerk had overlooked and omitted to sign the default so entered by him more than seven months previous. The minutes of the court covering the hearing of March 2, 1943, recite: "Said matter came on regularly for hearing with plaintiff appearing in person and by his attorney, S. J. Rigney. There being no appearance on the part of the defendant, either in person or by counsel, and his default, duly entered herein, not being properly signed, and the Court being fully advised in the premises, it was ordered that defendant's default be entered forthwith for his failure to appear, or otherwise plead within the time allowed by law. Susie H. Galbreath, Galen G. Galbreath and J. J. Galbreath, were duly sworn and testified on behalf of the plaintiff. Whereupon, said matter was submitted, and by the Court taken under advisement." Then appears the following note: "Note: The praecipe for default was duly filed July 16, 1942, and the default was filed on the same date, July 16, but was not properly signed by the Clerk and the Court directed the Clerk to sign the same at this time, March 2, 1943."

Evidently the district court was of the opinion that the validity of the default "duly entered herein" on July 16, 1942, was affected by the absence therefrom of the signature of the Clerk which doubtless prompted the court on March 2, 1943, to order "that defendant's default be entered forthwith." Subdivision 2 of Section 9322, Revised Codes, provides that in the cases and under the conditions there enumerated "the clerk must enter the default of the defendant" but there is no requirement that the clerk sign such default. Nevertheless respondent contends that defendant's default was not entered in this cause until March 2, 1943, because of the clerk's omission to sign his name to the default which he filed and "duly entered herein" on July 16, 1942. We find no merit in this contention.

494

Section 9322, Revised Codes 1935, authorizes the clerk of the court to "enter the default of the defendant" in certain cases and it was under subdivision 2 of said section that the clerk assumed to act when, on July 16, 1942, he filed and entered the default of the defendant herein. The clerk's act in entering the default under the provisions of subdivision 2 of the statute is purely ministerial and any mistakes of the clerk as distinguished from the judicial acts of the court, are most certainly subject to correction by amendment of the court records. (*McPherson* v. *State*, 187 Ark. 872, 63 S. W. (2d) 282.) "The failure of the clerk or recording officer to make a correct record does not vitiate the proceedings in a court of record; nor may the failure of those charged with the duty of making and keeping the record to discharge such duty, affect the validity of things done as of the date shown by the record." (21 C. J. S., Courts, sec. 230, p. 431.)

The record herein fails to disclose any error or defect in the default which the clerk entered on July 16, 1942, which, in any manner, affected the substantial rights of the parties. That the default was not "properly signed" would at best be but a clerical error or mistake which could not affect the substantial rights of the parties and which under section 9191, Revised Codes 1935, the court must disregard. Since defendant's default had already been "duly entered herein on July 16, 1942, the district court thereafter accomplished nothing by its order made on March 2, 1943, "that defendant's default be entered forthwith."

In the instant case more than ten months elapsed after defendant's default was duly entered by the clerk on praecipe by plaintiff before the defendant made any appearance or attempt to obtain relief under the provisions of section 9187, Revised Codes, from the "proceedings taken against him." By the enactment of section 9187 the legislature clothed the district court with authority to exercise its discretion in granting relief thereunder only on application made within "six months after such * * * proceeding was taken," and here the statutory period

for applying to the court for relief expired long before defendant appeared in the action or filed his motion to vacate the judgment so entered against him. "A formal entry of default is notice to the court that the cause is ready for judgment as against the defaulting defendant. Prior to its entry, a defendant who has been regularly served is in an altogether different situation from what he is after his default has been formally noted." (*State ex rel. Kohl* v. *District Court,* 46 Mont. 348, 128 Pac. 582, 583.)

Because the motion was not made until more than ten months after the default was entered, the trial court was without jurisdiction to grant the order of June 17, 1943. (*State ex rel. Smotherman* v. *District Court,* 51 Mont. 495, 153 Pac. 1019.)

As was said by this court in *Kosonen* v. *Waara,* supra [87 Mont. 24, 285 Pac. 673], "While the rule may be harsh, it is laid down by the Legislature and only legislative action can change it. * * *

"Although reluctant to do so in such a case as this wherein the court has opened the way for a hearing on the merits, we are forced to the conclusion that the court manifestly abused its discretion."

The order is reversed and the cause remanded with directions to overrule the motion to vacate and set aside the judgment.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE ANDERSON concur.

MR. JUSTICE MORRIS dissents.

Rehearing denied March 30, 1945.