FRANCES SCHALK, Plaintiff and Appellant, v. RICHARD and VIRGINIA BRESHNAHAN, Defendants and Respondents.

No. 10008

Submitted May 3, 1960. Decided July 27, 1960.
Rehearing denied September 8, 1960.

354 P.2d 735.

J. B. C. Knight and Wade J. Dahood, Anaconda, argued orally for appellant.

Horace J. Dwyer, Anaconda, argued orally for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order denying a motion to reconsider an order setting aside a default judgment. The complaint in this action seeks recovery of $750 in two causes of action.

In the first cause, it was alleged in substance that the $750 represented a down payment on certain real estate which plaintiff agreed to buy from defendants; that defendants agreed to

complete improvements but failed to do so; and that plaintiff made demand for the return of the down payment which was refused.

In the second cause of action, it was alleged that defendants promised to return the down payment if plaintiff would forbear to sue; that plaintiff agreed to withhold suit and did so for a reasonable time but received no payment of the $750.

The complaint was filed on April 14, 1956. Summons was served on defendants on April 21. On May 15 their default was entered for failure to appear. On July 31, 1957, being fourteen and one-half months after the entry of the default, plaintiff testified in court in support of the complaint and secured judgment. On January 24, 1958, defendants filed a motion to set aside the default judgment supported by affidavit of defendants' counsel in which it was stated that the judgment by default was taken against defendants by reason of mistake, inadvertence, surprise and excusable neglect.

In substance, the affidavit sets forth that when defendants consulted affiant he was engaged in the preparation for trial of an important damage action, the trial of which commenced on June 6, 1956, and culminated in a verdict for his client on June 28 in the sum of $183,000; that the only reason why he did not appear and plead in the cause was because of his mistake, inadvertence and excusable neglect in misplacing the summons and a copy of complaint, and in completely forgetting about the matter until his attention was called to it by defendants after the entry of judgment.

Appellant sets forth two specifications of error as follows:

1. The district court erred in setting aside the default judgment in the instant case for the reason that the motion to set aside said default judgment was made more than six months after entry of default.

2. Assuming — arguendo only — that the motion to set aside default was timely, the defendants failed to make a sufficient factual showing of mistake, inadvertence, surprise or

excusable neglect to justify the action of the district court in setting aside the default.

R.C.M. 1947, § 93-3905, provides in part as follows:

"The court may, in furtherance of justice, and on such terms as may be proper * * * allow an answer to be made after the time limited by this code; and may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."

This court in Galbreath v. Aubert, 116 Mont. 490, 157 P.2d 105, 106, held:

"The entering of a default by the clerk or the court, at the instance of the adverse party, is a 'proceeding taken against' the party in default within the meaning of section 9187, Revised Codes [1921, now R.C.M. 1947, § 93-3905], and it is the date of the entry of the default and not the date of the judgment subsequently entered that fixes the beginning of the six months within which the motion to set aside the default must be made. One who invokes the aid of the statute must act within the six-months period or his application for relief thereunder comes too late. As to the six-months limitation, the statute is inflexible. * * *

"Because the motion was not made until more than ten months after the default was entered, the trial court was without jurisdiction to grant the order of June 17, 1943. State ex. rel. Smotherman v. District Court, 51 Mont. 495, 153 P. 1019.

"As was said by this court in Kosonen v. Waara, supra (87 Mont. 24, 285 P. 673), 'While the rule may be harsh, it is laid down by the Legislature and only legislative action can change it. * * *

" 'Although reluctant to do so in such a case as this wherein the court has opened the way for a hearing on the merits, we

are forced to the conclusion that the court manifestly abused its discretion.' "

In the case at bar, default was taken against the defendants on May 15, 1956. Judgment was entered on July 31, 1957. The motion to vacate the default was not prepared, served and filed until January 24, 1958. Such motion came too late.

In recent cases, Worstell v. Devine, 135 Mont. 1, 335 P.2d 305; Cure v. Southwick, 137 Mont. 1, 349 P.2d 575; and Simons v. Keller, 137 Mont. 52, 350 P.2d 366, this court has gone a long way in permitting the opening of defaults, but in the instant case, the affidavit of counsel reveals that the only reason for failure to enter an appearance was forgetfulness because of other more important business. Such a reason is inexcusable. See St. Paul Fire & Marine Ins. Co. v. Freeman, 80 Mont. 266, 275, 260 P. 124; Lovell v. Willis, 46 Mont. 581, 583, 129 P. 1052, 43 L.R.A.,N.S., 930.

Under the circumstances of this case, the district court was without authority to set aside the default judgment. The order appealed from is reversed with directions to the district court to reinstate the judgment theretofore set aside.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY and ADAIR concur.

MR. JUSTICE ANGSTMAN dissenting:

I disagree with the foregoing opinion for two reasons. In the first place, there is nothing before us for consideration. The order attempted to be appealed from is not an appealable order.

Plaintiff did not see fit to appeal from the order setting aside the default judgment which he might have done. Galbreath v. Aubert, 116 Mont. 490, 157 P.2d 105. Instead he filed what he denominated a motion "to rehear motion to vacate judgment and to reconsider order setting aside default." That motion was filed on May 19, 1958, and denied on October 7, 1958.

It was then too late to appeal from the order setting aside the default, section 93-8004, and plaintiff made no attempt to appeal from that order but specifically stated in the notice of appeal that it was from the order dated October 7 which denied the motion to reconsider. The question is ruled by what was said in Beach v. Spokane R. & W. Co., 21 Mont. 7, 52 P. 560, 561, where the court said: "The general rule is that when an appeal can be taken from an order, a subsequent order, denying a motion to change the first order, is not appealable."

I find no statute that allows a motion to rehear or reconsider a motion to set aside a default judgment. If such a procedure is warranted then the natural inquiry would be within what time must such a motion be made? And may it be deferred until after the expiration of the time to appeal from the order setting aside the default judgment and thus serve to extend the time to review that order on appeal?

There being no statutory authority for a motion to rehear or reconsider I think there is no such thing in our practice. With some show of reasoning it might be contended that such a motion is proper under our statute governing motions for new trial. Section 93-5601, et seq. But if we assume that it may be regarded as a motion for new trial the plaintiff's position would be no better because the legislature has abolished appeals from orders denying new trials. Section 93-8017. In re Sullivan's Estate, 112 Mont. 519, 118 P.2d 383. In consequence I think the attempted appeal is abortive and that there is in fact nothing before us on the attempted appeal. But, if we assume that plaintiff is properly before us on the attempted appeal, and if we assume that any order is appealable whether provided for by statute or not, I still find myself in disagreement with the majority.

I concede that prior decisions of this court sustain the majority opinion, but I think those decisions are not well-reasoned and should be overruled.

My associates take the view that the motion to set aside the

default judgment came too late because it was made more than six months after defendant's default was entered although within six months after the judgment was obtained.

Section 93-3905, R.C.M.1947, provides, in part:

"The court may, in furtherance of justice, and on such terms as may be proper * * * allow an answer to be made after the time limited by this code; and may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."

Here, the default was entered on May 15, 1956, but it was not until July 31, 1957, that judgment was obtained and entered. The motion to set aside the default was filed on January 24, 1958.

Plaintiff contends that the six-month period commences to run on the date of the entry of the default and not from the time of entering the judgment. He relies on Galbreath v. Aubert, supra, and Castagnoli v. Castagnoli, 124 Cal.App.2d 39, 268 P.2d 37. Those cases support plaintiff's contention but I think they are not well-reasoned.

Here, the application was to set aside the default judgment entered on July 31, 1957. The application was made well within the six-month period specified in section 93-3905. As to the judgment itself then, the application was made in time, and if the showing be sufficient the court had authority to set it aside. Obviously to set aside the judgment without granting leave to file an answer would avail but little, except the right to be heard in the amount of the recovery. Kosonen v. Waara, 87 Mont. 24, 285 P. 668.

Hence, to make the court's action effective in setting aside the judgment, the court had the authority in its discretion also to set aside the default and to allow defendants the right to

file an answer. The court's authority under section 93-3905 to allow an answer to be made after the time limited by law is not limited to the six-month period therein specified. To the extent that the Galbreath case holds otherwise, I think it should be overruled. There is no escape from the conclusion that the application to set aside the judgment was made in time and to that extent, at least, the court's order was proper.

The next question is whether the showing was sufficient to justify the court's action.

The defendants themselves did everything reasonably prudent persons would or could do to prevent a default and to have the action defended and ultimately tried on its merits. They employed counsel to represent them. They furnished counsel with a copy of the summons and complaint in ample time to have an appearance entered. They had every reason to believe that their appearance had been made through their attorney employed for that purpose. But plaintiff contends that the showing made by the affidavit is insufficient because instead of showing excusable neglect on the part of defendants' counsel it shows inexcusable neglect and that this is imputable to defendants.

I agree with plaintiff's contention that the affidavit shows inexcusable neglect on the part of counsel for defendants in failing to attend to the matter of entering an appearance. While the general rule is that the negligence of an attorney in failing to enter an appearance for his client is imputable to his client, 49 C.J.S., Judgments, § 334(b), p. 634, there is a tendency to depart from the general rule when the party himself is free from negligence and where he can be permitted to have his cause of action or defense tried on the merits without prejudicing the rights of the other party other than that resulting from the right to establish the claim or defense of the party applying.

Thus, in 49 C.J.S., Judgments, § 334, p. 635, after stating the general rule, it is said:

"Negligence or misconduct of the petitioner's attorney, however, does not necessarily bar a petition to vacate a judgment, and a considerable number of cases have held that, where the party himself has not been guilty of negligence, a judgment against him may be set aside because it was obtained through the negligence of his counsel if it can be done without prejudicing the rights of the other party, that is, without loss to such other party other than that which might result from establishing the claim or defense of the party applying."

The statute itself says that the "party" may be relieved from a judgment, order or other proceeding taken against him through "his" mistake, etc.

If the party himself has been free from negligence, it does not seem reasonable or just that he or she should be penalized by the negligence of his or her counsel in matters going beyond the scope of his employment as counsel. In other words, an attorney is employed to look after and not to surrender or give up substantial rights of his client. 7 C.J.S. Attorney and Client, § 79, p. 897.

To hold otherwise here would be to say in legal effect that defendants' counsel had the authority to stipulate away his client's defense. But this is contrary to the holding of this court. United States Fidelity & Guaranty Co. v. Bourdeau, 64 Mont. 60, 208 P. 947, and Jubilee Placer Co. v. Hossfeld, 20 Mont. 234, 50 P. 716.

I think that the negligence of defendants' counsel in failing to file an appearance for defendants is not imputable to defendants. The cases of Mihelich v. Butte Electric Ry. Co., 85 Mont. 604, 281 P. 540; St. Germain v. Vollmer, 68 Mont. 264, 216 P. 788, and others to the extent that they reach a contrary conclusion should be overruled. In reaching this result I keep in mind the policy of the law which favors trial of cases on their merits. This court will disturb the action of the trial court in refusing to set aside a default more readily than in granting

a motion for that purpose. Reynolds v. Gladys Belle Oil Co., 75 Mont, 332, 243 P. 576.

I think the court correctly ruled that the default judgment should be set aside and was correct in denying the motion to reconsider the question, if in fact there be any such procedure as a motion to reconsider.